**Herbert VANDERKLOK, Plaintiff–Appellant, Cross–Appellee,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE CO., INC., Defendant–Appellee, Cross–Appellant.**

**Nos. 91–1466, 91–1558.**

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 12, 1991.

Decided Feb. 13, 1992.

David W. Swets (briefed), Anderson & Swets, Grand Rapids, Mich., for plaintiff-appellant, cross-appellee.

Duane J. Beach (briefed) and Gary A. Maximiuk (briefed), Wheeler, Upham,

Bryant & Uhl, Grand Rapids, Mich., for defendant-appellee, cross-appellant.

Before KENNEDY and JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff-appellant, Herbert VanderKlok, appeals, and defendant-appellee, Provident Life and Accident Insurance Co., Inc., cross appeals from the district court's order dismissing count one of plaintiff's complaint, alleging violation of 29 U.S.C. § 1132(c), pursuant to Fed.R.Civ.P. 12(b)(6), and granting summary judgment to defendant on counts two and three, which alleged that defendant's denial of disability benefits violated the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* [hereinafter, "ERISA" or "the Act"]. For the following reasons, we affirm in part and reverse in part.

## I.

Plaintiff, Herbert VanderKlok, a man with a sixth grade education, worked as a laborer for Grand Rapids Manufacturing [1] for approximately 24 years from October 10, 1963 until March 19, 1987, when he was injured when the weight of his truck fell on him as he was replacing a wheel. During his employment, he had performed numerous duties as a laborer, including loading appliances, driving trucks, and filling in for other employees on the manufacturing line.

After he was injured, plaintiff was diagnosed as having a fractured clavicle. Although his left shoulder healed properly, his treating physician, Dr. Thomas G. Schwaderer, diagnosed him as having adhesive capsulitis to the right shoulder, a painful inflammation which limits the range of motion of the shoulder. Plaintiff has not returned to any form of work since the accident.

On December 28, 1987, plaintiff filed a claim with Provident, the defendant insurance carrier, claiming that he was entitled to disability benefits under an employer-sponsored life insurance plan. Plaintiff was covered under his employer's employee benefit plan by a group insurance policy, number I–610–G, which was issued by defendant. The insurance policy provided for up to $12,500 in life insurance for covered employees. The policy also provided that a covered employee, who became totally and permanently disabled, could elect to receive forty-eight equal monthly payments of $21.85 for each $1000 of life insurance in lieu of a lump sum payment upon death.

In response to defendant's inquiry about the severity of plaintiff's injury, Dr. Schwaderer wrote:

Mr. VanderKlok has remained under my care and treatment since his injury on 3/19/87 when he sustained a fracture of the clavicle. The fracture has healed well, but subsequently he has developed significant adhesive capsulitis of his right shoulder that has required a manipulation, as well as a great deal of physiotherapy. Although this increased his motion somewhat, he is markedly limited in shoulder motion. . . .

He continues to show some progress in physical therapy following the manipulation, but has not yet made a full recovery. I also anticipate he will never regain the full use of his shoulder. Although he is able to perform light activities at the present time, he is not capable of returning to his regular job, nor will he ever be able to.

If he has to be prevented from engaging in any business or occupation and performing any work for compensation or profit to be considered totally and permanently disabled, then he does not qualify under those definitions. However, it is my feeling that he is not able to perform his regular job at the present time, nor will he be able to in the future.

Upon receipt of Dr. Schwaderer's report, defendant had an independent referral agency, Professional Appointment Services, refer plaintiff to another doctor for evaluation. Dr. Roy Waddell was retained, and his report stated:

At the present time I would certainly consider Mr. VanderKlok totally disabled

---

1. Grand Rapids Manufacturing was a division of White Consolidated Industries, Inc.

for his usual occupation, although I certainly cannot say at this time that this disability will be permanent. I would not object to the patient returning to work that does not require heavy pushing, pulling, repetitive lifting, or work out at arm reaches or over chest level. If the patient does indeed have an adhesive capsulitis of his shoulder, I would expect that condition to improve considerably since that condition is almost always self-limiting and usually resolves to normal or near normal function. Based on the physical findings noted previously, I would question the patient's motivation returning to full-time employment and in that regard his prognosis for returning to full-time employment of any type is probably poor.

On December 1, 1988, defendant denied plaintiff's claim for disability benefits because it determined that the medical evidence established that plaintiff was not totally and permanently disabled. Defendant sent notification of the denial of benefits to White Consolidated Industries, the parent company of plaintiff's employer, G.R. Manufacturing, but this letter was not forwarded to plaintiff. Plaintiff alleges that he made several telephone calls to defendant to find out the status of his claim, but the calls were not answered. In 1990, he retained an attorney, who made a written request for information to defendant on August 20, 1990. On September 24, 1990, defendant sent a copy of its original December 1, 1988 letter denying disability benefits to plaintiff.

Plaintiff initially filed a claim contesting the denial of disability benefits under the life insurance policy in Michigan state court. On October 10, 1990, defendant removed the case to federal court based on federal question jurisdiction arising out of an ERISA action. In the United States District Court for the Western District of Michigan, plaintiff amended his complaint under ERISA and defendant answered.

On January 8, 1991, defendant filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). On April 1, 1991, plaintiff filed his motion for summary judgment and brief in opposition to defendant's January 8, 1991 motions. On this date, the district court granted defendant's 12(b)(6) motion on count one and motion for summary judgment on counts two and three.

On April 11, 1991, plaintiff timely filed an appeal. On April 17, 1991, defendant filed its notice for cross appeal.

## II.

In his complaint, plaintiff requested that the court determine as a matter of law that a literal reading of the disability clause contained in life insurance policy No. I–610–G was contrary to public policy and violated ERISA. The clause at issue in the life insurance policy, which was part of G.R. Manufacturing's employee benefit plan, defines the extent of disability required in order for the insured to qualify for accelerated benefits in the form of disability benefits in lieu of a lump sum payment at death. The clause provides:

> If any Employee shall, while insured for life insurance under this policy, furnish the Insurance Company with notice and due proof that such Employee while insured for life insurance under this policy and prior to his sixtieth birthday, has become totally disabled as a result of bodily injury or disease so as to be wholly prevented thereby from engaging in every business or occupation and from performing any work for compensation or profit, and that such total disability will be permanent and continuous for the remainder of his life, the Insurance Company will pay to the Employee, in lieu of the life insurance payable at death of the Employee, the amount of insurance in force on the life of the Employee at the commencement of such continuous total disability in 48 equal installments of $21.85 for each $1,000.00 of life insurance in force.

G.R. Manufacturing Group Insurance Plan, Policy No. 1–610–G, Section III, Appendix p. 92.

Plaintiff asserts that this clause must be read to mean that for an employee to qualify for disability benefits, all that he must show is that he is disabled to such an extent that he cannot return to his prior position with the employer. Defendant, on the other hand, contends that the clause must be read literally. An employee must be disabled to such an extent that he is unable to perform any work for compensation and profit and that the extent of the disability must be permanent and continuous.

■ We do not believe that plaintiff's argument that ERISA mandates that the clause at issue must be construed to mean that plaintiff need only be disabled from his regular or prior occupation in order to receive disability benefits has any merit. Congress passed ERISA in order to assure that those who participate in employee benefit plans actually receive the benefits they are entitled to and "do not lose their benefits as a result of unduly restrictive ... provisions." H.R.Rep. No. 93–807, 93rd Cong., 2d Sess. 3, *reprinted in* 1974 U.S.Code Cong. & Admin.News 4639, 4670, 4676–77. Because the policy at issue is a life insurance policy, not a disability insurance policy, those who participate in the plan can expect to receive the benefits they are entitled to at death. As stated clearly in the terms of the policy, it is only upon the occasion that one becomes totally and permanently disabled in general that one is entitled to accelerated payments on the life insurance policy in the form of disability benefits. There is no authority for plaintiff's argument that such a clause must be construed to mean that a claimant need be disabled only from his prior occupation. As the court in *Dewitt v. State Farm Insurance Companies Retirement Plan*, 905 F.2d 798 (4th Cir.1990) pointed out, there is a substantial difference between an "occupational" and a "general" disability clause. An "occupational" disability policy provides benefits if the claimant is unable to perform his regular job; a "general" disability policy provides benefits if the claimant is unable to perform any job for which he is qualified. *Id.* at 802. The cases on which plaintiff relies do not assert, as plaintiff

implies, that this distinction should be ignored, but instead have upheld a denial of disability benefits under a general disability clause even though the plaintiff was unable to return to his prior occupation with the employer. For example, in *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279 (9th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991), the definition of "totally disabled" in the plan at issue provided that the employee be "unable to engage in any occupation." Although the employee had suffered a spinal injury and was totally disabled from his regular work, he was able to perform semi-sedentary work. The court found that, therefore, he was not totally disabled. *Id.* at 1285–86. In *Jordan v. Cameron Iron Works, Inc.*, 900 F.2d 53 (5th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 344, 112 L.Ed.2d 308 (1990), the policy was a disability benefits policy and stated that "the employee must be unable to perform the duties of his/her job, or of any other job offered by the Company." *Id.* at 56. The court held that after receiving a statement from the employee's physician indicating that the employee was able to perform light duty work, the employer was justified under the plan in terminating disability benefits. *Id.* at 57–58. Similarly, in the present case, we believe that if there is sufficient evidence that although plaintiff was not able to perform his prior occupation, he was able to perform other occupations, he was not disabled as defined by the terms of the policy. We, therefore, reject plaintiff's argument that in order to comply with the mandates of ERISA the policy must be construed to mean that a claimant need only be disabled from his prior occupation in order to receive disability benefits.

The clause at issue in the present case states that a claimant must "be prevented from engaging in every business or occupation and from performing any work for compensation and profit." We agree with the courts in *Helms v. Monsanto Co., Inc.*, 728 F.2d 1416, 1421 (11th Cir.1984) and *Torix v. Ball Corp.*, 862 F.2d 1428, 1430 (10th Cir.1988) that the phrase "prevented

from engaging in every business or occupation" cannot be construed so narrowly that an individual must be utterly helpless to be considered disabled and that nominal employment, such as selling peanuts or pencils which would yield only a pittance, does not constitute a "business or occupation." Instead, a claimant's entitlement to payments based on a claim of "total disability" must be based on the claimant's ability to pursue "gainful employment in light of all the circumstances." *Torix*, 862 F.2d at 1431.[2]

## III.

We must next decide whether the district court correctly determined that plaintiff was not disabled within the meaning of the policy. Because the court found that the medical evidence established that plaintiff could perform light work, the court concluded that plaintiff was not totally and permanently disabled and therefore did not qualify for disability benefits under the life insurance policy.

■ However, the district court failed to consider plaintiff's claim raised in count one of his complaint and in his motion for summary judgment that in denying benefits, defendant failed to give plaintiff timely written notice of the denial, which constituted a violation of the specific provisions of his employer's employee benefit plan and violated ERISA, 29 U.S.C. § 1133(1). Plaintiff argues that as a result of defendant's failure to provide him with timely written notice of its denial of benefits and its failure to set forth the specific reasons for such denial, plaintiff has been deprived of the procedural rights accorded him under section 1133 of ERISA, including the right to supply additional information and the right to have an administrative review and reconsideration of his claim by Provident.

We believe the district court erred in ignoring this claim, because it is clear that defendant violated the procedural protec-

tions of section 1133 when denying plaintiff's claim for disability benefits.

Section 1133 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133(1), (2).

The regulations promulgated under section 1133 provide:

*Content of notice.* A plan administrator or, *if paragraph (c) of this section is applicable*, the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 CFR § 2560.503–1(f) (emphasis added).

In the present case, we find that the regulation cited above applies to defendant. Although defendant was not the plan administrator, "paragraph (c) of the section is

---

**2.** Defendant concedes in its Brief of Defendant–Appellee Cross–Appellant that *Helms* and *Torix* state that a decision maker must consider the claimant's ability to pursue gainful employment

in light of all the circumstances, but argues that claimant VanderKlok would not be considered disabled under this standard.

applicable" to defendant as the insurance company,[3] because the employee benefit plan under which the insurance policy was issued states the following:

> If an employee's claim for benefits under the Plan is denied, the Provident [defendant] will provide notice to the employee in writing of the denial within a reasonable time setting forth the specific reasons for such denial. The employee may then request a review of the decision denying the claim.

Appendix, p. 165.

In the present case, defendant did not provide plaintiff with timely written notice of the denial of benefits as required, but instead sent the notice of denial to White Consolidated Industries.[4] However, even if plaintiff had received the letter, it did not comply with the procedural protections afforded by section 1133 of ERISA in several respects. The letter of December 1, 1988, in which defendant denied plaintiff disability benefits, stated:

> We regret that the claim does not qualify under the total and permanent disability benefits provision of the policy, because the proof submitted does not establish that the insured is totally and permanently disabled from all work for the remainder of his life. We will be happy to review any additional medical information which Mr. Vanderklok may wish to submit.

Appendix, p. 179.

This letter is defective because it fails to provide the specific reason or reasons for denial and the specific reference to pertinent plan provisions on which the denial is based. Furthermore, although it states

that Provident will review additional medical information, it does not contain explicit information as to the steps to be taken if the employee wishes to submit his claim for review, nor is there any indication of what additional proof might be required. For these reasons, we find that defendant violated ERISA by failing to comply with the procedural requirements of section 1133.

■ In *Wolfe v. J.C. Penney Co., Inc.*, 710 F.2d 388, 393 (7th Cir.1983), the court held that a remand to the fiduciary for a redetermination of the employee's claim was necessary because the fiduciary (the defendant insurance company) had failed to comply with the procedural requirements of section 1133 of the Act. The *Wolfe* court found that because the defendant had failed to set forth the specific reasons for its denial of the claim, the plaintiff was at a loss as to how to contest the denial of disability. *Id.* Similarly in the present case, Provident failed to comply with section 1133(1) by failing to provide a specific reason for the denial of disability. As in *Wolfe*, the "reason" given for denial is not a reason, but a conclusion. *Id.* at 392. As in *Wolfe*, defendant's failure to provide specific reasons meant that plaintiff was not apprised of the deficiency in his claim which he could attempt to correct with additional evidence upon review. Moreover, Provident's denial letter contains insufficient information pertaining to the steps to be taken for obtaining review. We agree with the court in *Wolfe* that such procedural errors are a significant error on a question of law, which requires that the decision to deny benefits be overturned. *Id.* at 393. Because defendant Provident

---

**3.** Paragraph (c) of the section states:
*Claims procedure for an insured welfare or pension plan.*
(1) To the extent that benefits under an employee benefit plan are provided or administered by an insurance company, insurance service, or other similar organization which is subject to regulation under the insurance laws of one or more States, the claims procedure pertaining to such benefits may provide for filing of a claim for benefits with and notice of decision by such company, service or organization.
29 CFR § 2560.503-1(c).

**4.** Plaintiff did not receive a written denial of his claim when Provident made its decision to deny disability benefits in December 1988, because Provident sent its notification to White Consolidated Industries, which was the parent company of the plan administrator, G.R. Manufacturing. Provident sent its letter to Lucia T. Knox, Manager of Benefits of White Consolidated Industries, 1545 Clyde Park SW, Grand Rapids, MI, 49509. Because White Consolidated Industries had left its Grand Rapids location at this time, the letter giving notice of the denial of benefits was never forwarded to plaintiff.

erroneously interpreted and applied section 1133, its denial of benefits must be reversed and this case must be remanded for a full and fair review of plaintiff's claim pursuant to section 1133(2). *Id. See also Grossmuller v. International Union, United Auto., Aerospace and Agr. Implement Workers of America,* 715 F.2d 853, 858 (3rd Cir.1983) (lack of information of factual basis used to support a denial of benefits or the manner by which claimant could challenge denial deprived claimant of protections afforded under section 1133 of ERISA); *Richardson v. Central States, Southeast & Southwest Areas Pension Fund,* 645 F.2d 660, 665 (8th Cir.1981) (the statute, which requires specific reasons for a decision, was intended to help claimants process their claims efficiently and fairly and was designed to prevent fiduciaries from setting up a smoke screen to shield themselves from legitimate claims); *DePina v. General Dynamics Corp.,* 674 F.Supp. 46, 50 (D.Mass.1987) (failure to state specific reasons for the denial of the claim, failure to refer to specific provision of the plan on which denial is based, and failure to provide address and telephone number of the person to contact to pursue an appeal amounts to violation of § 1133); *Hayden v. Texas–U.S. Chemical Co.,* 557 F.Supp. 382, 386 (E.D.Texas 1983) (defendant failed to meet its obligations under section 1133 because it failed to give specific reasons for denial of benefits, notice of denial was not timely provided, and plaintiff was not afforded a reasonable opportunity for a full and fair review by the appropriate fiduciary).

Plaintiff requests that rather than remanding to defendant Provident (the fiduciary who denied the claim) for review, as was done in *Wolfe,* we remand to the district court for a review of the entire record—the medical evidence before Provident at the time it denied disability benefits and the additional evidence which plaintiff wishes to submit for review. Defendant argues that we cannot remand to the district court because of this court's decision in *Perry v. Simplicity Engineering,* 900 F.2d 963 (6th Cir.1990). In *Perry,* this court refused to interpret the de novo standard of review to allow a district court to consider new evidence, which was not before the fiduciary insurance company, because "[s]uch a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme." *Id.* at 966. We believe, however, that the present case is distinguishable from *Perry.* Because defendant Provident failed to give appropriate notice, it is not entitled to the protections concerning administrative review which form the basis of *Perry.* In the present case, plaintiff was not given the opportunity to present additional evidence to defendant Provident in an administrative appeal because Provident failed to follow the statutory notice requirement. The failure to follow administrative review procedures was Provident's, not plaintiff's. Therefore, we do not believe it is necessary to require that plaintiff first submit additional evidence to Provident before bringing an appeal before the district court. We agree with plaintiff that the appropriate remedy is to remand to the district court with instructions to reconsider the issue of disability after plaintiff has been given the opportunity to submit additional evidence. Because defendant violated section 1133 of ERISA and plaintiff was denied a full and fair opportunity for review of Provident's decision, the district court erred in determining that defendant was properly denied disability benefits under the employee benefit plan.

## IV.

■ We must finally decide whether plaintiff's claim that he should be awarded penalties under 29 U.S.C. § 1132(c) has any merit. Plaintiff argues that because he did not receive notice of defendant's decision to deny disability benefits within 30 days of requesting this information, defendant is liable for a penalty. Defendant argues that it cannot be sued for a penalty under section 1132(c) of the Act because it is not the plan administrator as defined in section 1002(16)(A).

Section 1132(c) of the statute provides:
Any administrator ... who fails or refuses to comply with a request for any

information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c).

Section 1002(16)(A) of the statute defines a plan "administrator" as follows:

The term "administrator" means—

(i) the person specifically so designated by the terms of the instrument under which the plan is operated....

29 U.S.C. § 1002(16)(A).

The employee benefit plan in the present case designated that the plan administrator was G.R. Manufacturing, plaintiff's employer. The plan specifically states that "the name ... of the plan administrator is G.R. Manufacturing Co." (Appendix, p. 165). Therefore, it is only G.R. Manufacturing, not defendant, who may be held liable under section 1132(c). In *Moran v. Aetna Life Insurance Co.*, 872 F.2d 296 (9th Cir.1989), the court held that even though an insurance company refused to timely produce requested documents, it was not liable under § 1132(c). In *Moran*, during a dispute over an employee's receipt of ERISA benefits, the employee had requested plan documents from the insurance company whom he thought was the plan administrator. The insurance company failed to provide the requested documents, and the employee sought to recover damages pursuant to 29 U.S.C. § 1132(c). The Ninth Circuit held that since the insurance company was not the plan administrator, it could not have liability imposed on it pursuant to § 1132(c) even though it had failed to provide the requested documents. *Id.* at 299.

We believe that a similar rationale applies in the present case. Plaintiff alleges that he contacted defendant by telephone and repeatedly requested notification of the outcome of his claim, but was not told within 30 days that benefits had been de-

nied. However, as in *Moran*, liability for the failure to supply the requested notification within 30 days cannot be imposed on defendant pursuant to section 1132(c), because Provident is not the designated plan administrator.

Furthermore, plaintiff's contention that because defendant violated section 1133 of the Act, it is liable for penalties under section 1132(c) has no merit. Only a plan administrator can be held liable under section 1132(c), and defendant was not the plan administrator. Moreover, courts have held that a violation of section 1133 by the plan administrator does not impose liability on the plan administrator pursuant to section 1132(c), because duties of the *"plan"* as stated in section 1133 are not duties of the *"plan administrator"* as articulated in section 1132(c). *Groves v. Modified Retirement Plan*, 803 F.2d 109, 116 (3rd Cir. 1986) (failure to comply with duty on part of employee benefit plan under ERISA section 1133 does not create liability for plan administrator under ERISA section 1132(c), because "plan" and "plan administrator" refer to two entirely distinct actors and section 1132(c) imposes liability only for failure to release information that ERISA specifically requires the plan administrator to release); *Walter v. International Ass. of Machinists Pension Fund*, 949 F.2d 310 (10th Cir.1991) (a violation of section 1133 cannot form the basis for an imposition of penalties under section 1132(c)). For these reasons, we find that the district court was correct in stating that as a matter of law, defendant Provident cannot be liable under section 1132(c) of ERISA.

V.

To conclude, we AFFIRM the district court's determination that the disability clause at issue should not be construed to mean that a claimant need be disabled only from his prior or regular occupation to be entitled to benefits. We AFFIRM the district court's determination that defendant is not liable for penalties under section 1132(c) of the Act, because defendant is not the plan administrator. Even though defendant is not the plan administrator, de-

fendant has violated section 1133(1) of the Act by failing to provide adequate notice and to set forth the specific reasons for the denial of benefits. Plaintiff therefore has been denied a reasonable opportunity for a full and fair review under section 1133(2) of the Act. We, therefore, REVERSE the district court's determination that disability benefits were properly denied and RE-MAND to the district court with instructions to reconsider the issue of disability after plaintiff has been given the opportunity to submit additional evidence.