Vinodini KULKARNI, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY and Praxair, Inc.,
Defendants.

No. CIV.A.3:00CV–159–H.

United States District Court,
W.D. Kentucky,
at Louisville.

July 11, 2001.

Sanford L. Berman, I. Joel Frockt, Maze, Berman & Frockt, LLP, Louisville, KY, for plaintiff.

Samuel G. Bridge, Jr., Wyatt, Tarrant & Combs, Louisville, KY, Wesley G. Gatlin, Boehl, Stopher & Graves, Louisville, KY, for defendants.

## MEMORANDUM OPINION

HEYBURN, District Judge.

The Court now considers Defendants', Metropolitan Life Insurance Company, ("MetLife") and Praxair, Inc., ("Praxair") respective motions for summary judgment. Plaintiff, Vinodini Kulkarni, ("Mrs.Kulkarni"), the widow of Sunil B. Kulkarni ("Mr.Kulkarni"), has brought four causes of action: wrongful denial of benefits; breach of fiduciary duty; arbitrary and capricious determination of ineligibility for benefits; and violation of disclosure duties.

### I.

Mr. Kulkarni died in an automobile accident on February 27, 1999. He had begun employment with Praxair nearly two months earlier on January 1, 1999, having accepted Praxair's job offer in April of 1998. As an employee at Praxair, Mr. Kulkarni was automatically enrolled in an employee benefits plan administrated by Praxair and underwritten by MetLife (the "Plan"). These benefits included the Praxair Basic Life Plan, providing basic life insurance, and eligibility for an optional supplemental life insurance plan (the "Supplemental Plan"). Praxair mailed Mr. Kulkarni an enrollment form and information regarding the Supplemental Plan on January 29, 1999. He received the enrollment form at his home February 6, 1999, completed it, and appears to have returned it to Praxair on February 11, 1999.[1] Praxair states it sent the form on to MetLife.

MetLife claims it did not receive the form prior to Mr. Kulkarni's death.

With this form Mr. Kulkarni choose supplemental coverage at the rate of five times his salary or approximately $390,000 and doubled his accidental death coverage for an additional $390,000. Sections of the plan entitled "Enrollment," "Effective Coverage Dates," and "Statement of ERISA rights" are particularly relevant:

*Enrollment*

You can enroll without evidence if insurability at any time within 90 days after you start work provided you have not been hospitalized in the past 90 days. If you do not enroll in the Plan within 90 days after you start work, MetLife may require medical evidence of insurability and depending on the results, you could be denied enrollment....

*Effective Coverage Dates*

If the enrollment form is approved by the Group Universal Life Administration Unit on or before the 15th of the month, coverage will become effective on the first day of the following month, provided you are actively at work on the last scheduled work day prior to the effective day of coverage and evidence of insurability is not required. If the enrollment form is approved by the Group Universal Life Administration after the 15th of the month, coverage will become effective on the first day of the second following month, provided you are actively at work on the last scheduled work day prior to the effective date of coverage and evidence of insurability is not required ...

*Statement of ERISA Rights*

... In carrying out their responsibilities under the Plan, the plan Administrator and other Plan fiduciaries shall have full discretionary authority to interpret the

---

1. The actual date of receipt is disputed. Mr. Kulkarni signed the forms on February 11, 1999, Praxair claims it did not receive them until February 17, 1999.

terms of the Plan and to determine eligibility for entitlement to Plan benefit, in accordance with the terms of the Plan. An interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

On April 1, 1999 Plaintiff, through counsel, requested a copy of the Plan and an application for benefits. Praxair did not respond. Another request was made on May 28, 1999. Praxair responded on July 6, 1999 claiming that Mr. Kulkarni was not eligible for coverage. Neither Defendant has ever provided Plaintiff with the requested Plan documents.

## II.

■ Plaintiff's claims in Counts I and III are essentially the same, that she was denied a contractual right under the Plan. These are ERISA claims which must be brought under 29 U.S.C. § 1132(a)(1)(B). (West 2000). Any other claims not provided by ERISA would be pre-empted.

■ Here, the "Statement of ERISA Rights" section of the Plan gives Defendants discretionary authority to interpret Plan terms. Defendants are also acting under a conflict of interest when they determine whether a particular employee is eligible for benefits. Accordingly, the Court will review Defendants' decision to deny Plaintiff benefits under an arbitrary and capricious standard of review with appropriate weight given to Defendants' conflict of interest. *Firestone Tire and Rubber Co., v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Peruzzi v. Summa Medical Plan,* 137 F.3d 431, 433 (6th Cir.1998).

■ MetLife and Praxair both determined Mr. Kulkarni was ineligible for supplemental life insurance benefits because he was not enrolled in the Supplemental Plan. Defendants based their determination on the facts that he died before the earliest possible date coverage could begin, that MetLife had not approved his application, and because they regarded his application as incomplete. The earliest possible date Praxair or MetLife could have acted on the application was just prior February 15, 1999. Mr. Kulkarni signed the form on February 11, 1999. Taking disputed facts in the light most favorable to the Plaintiff, Praxair can be deemed to have received the application by February 15, 1999. Under the section entitled "Effective Coverage Dates" the Plan plainly states that for an application approved by the fifteenth of the month, coverage will begin on the first of the following month. Even if the application were approved the same day it was received (a degree of diligence not necessarily required by ERISA fiduciary duties) coverage could not have begun until March 1, 1999, two days after Mr. Kulkarni's death. On this basis alone, MetLife and Praxair correctly determined Mr. Kulkarni's Supplemental Plan was not effective at the time of his death.

The Court concludes that Defendants' determination of ineligibility was supported by substantial evidence and was neither arbitrary nor capricious. Therefore, Plaintiff's claims in Counts I and III of the Amended Complaint must be dismissed.

## III.

■ 29 U.S.C. § 1132(a) allows a participant or beneficiary of an ERISA plan to bring a civil action to enforce the terms of the Plan, § 1132(a)(1), or to obtain "appropriate equitable relief" to redress violations of ERISA. Section 1132(a)(3) is a "catchall" provision which acts as a safety net offering appropriate equitable relief for injuries caused by violations that § 1132 does not remedy elsewhere. *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).

▇ Plaintiff has standing to bring this action only if she is regarded as a Plan "participant" under 29 U.S.C. § 1002(7). Where an employee has no claim to benefits under a plan that employee is not a plan "participant." *Teagardener v. Republic–Franklin Inc. Pension Plan,* 909 F.2d 947, 952 (6th Cir.1990). However, the Sixth Circuit, along with a majority of the other circuits, recognizes a reasonable exception to this rule where an employer's breach of fiduciary duty causes the employee to fail to participate in a plan. *Swinney v. General Motors Corp.,* 46 F.3d 512, 518 (6th Cir.1995). In such cases the employee has standing to challenge that fiduciary breach. *Id.,* (citing *Mullins v. Pfizer,* 23 F.3d 663, 668 (2nd Cir.1994)). Plaintiff has standing because she claims that Praxair's breach of fiduciary duty prevented her from participating fully in the ERISA plan.

▇▇ "ERISA imposes high standards of fiduciary duty upon administrators of an ERISA plan." *Krohn v. Huron Memorial Hospital,* 173 F.3d 542, 547 (6th Cir.1999); 29 U.S.C. § 1104(a)(1). These duties encompass a duty of loyalty, a duty to exercise reasonable prudence, and a duty "to act for the exclusive purpose of providing benefits to plan beneficiaries." *Krohn,* 173 F.3d at 547; 29 U.S.C. § 1104(a)(1). The first two standards impose "an unwavering duty on an ERISA trustee to make decisions with single-minded devotion to a plan's participants and beneficiaries and, in so doing, to act as a prudent person would act in a similar situation." *Krohn,* 173 F.3d at 547.

▇ In the Sixth Circuit, an ERISA administrator's fiduciary duties include a duty to inform which "entails not only a negative duty not to misinform but also an affirmative duty to inform when the trustee knows that silence might be harmful." *Id.* at 548. A fiduciary who breaches this duty with respect to an individual employee can be held liable to that employee for the harm created by that breach. *Id.* at 552; *see also, Varity,* 516 U.S. at 515, 116 S.Ct. 1065.

In *Krohn,* an employer breached its ERISA fiduciary duties when it failed to provide complete information regarding long term disability benefits knowing the employee had been injured and that the employee's husband made a general request for information. Certainly, *Krohn* is not directly controlling. However, *Krohn* and 29 U.S.C. § 1104(a)(1) do establish the general proposition that Praxair had a fiduciary duty to act with reasonable prudence to inform Mr. Kulkarni about employee benefits. Whether Praxair breached this duty by waiting about a month before sending Mr. Kulkarni Supplemental Plan enrollment forms cannot be resolved without discovery.

▇ Generally, courts limit their review of ERISA cases to the administrative record. *Wilkins v. Baptist Healthcare System, Inc.* 150 F.3d 609, 618 (6th Cir. 1998). However, an exception to this rule exists where limiting an ERISA claim to an "on the record" review would violate due process. *Id.* Under those circumstances, courts should consider new evidence. *See id.; VanderKlok v. Provident Life and Accident Ins. Co., Inc.,* 956 F.2d 610, 617 (6th Cir.1992). In this instance, Plaintiff has not had an opportunity to develop any record concerning Praxair's breach of fiduciary duty or MetLife's knowledge of that breach. To confine review of this matter to the administrative record would be a denial of due process. Consequently, further discovery is necessary.

IV.

▇ 29 U.S.C. 1105(a)(3) provides liability for a co-fiduciary who knows of the breach of a fiduciary duty by another fidu-

ciary and does not make reasonable efforts to remedy the breach.[2] Plaintiff has alleged that both Praxair and MetLife breached a fiduciary duty owed to Mr. Kulkarni. As plan administrator Praxair was directly responsible for informing its employees of benefits to which they were entitled. If Praxair is found to have breached this duty MetLife, as a co-fiduciary, could be liable for this breach if it knew of it. MetLife must know of the policy and also be aware that it was a breach of Praxair's fiduciary duty. Whether any evidence supports such a theory as to MetLife is unknown at this time. Without at least an opportunity for discovery, summary judgment would be inappropriate.

 The Court's conclusion that Plaintiff has standing to assert a breach of fiduciary duty claim entails her right to discovery of documents relating to that claim. Plaintiff may also be entitled to these documents by virtue of her status as an ERISA "participant" as defined by 29 U.S.C. § 1002(7) and *Swinney*, 46 F.3d at 518. Summary judgement in favor of Praxair on Plaintiff's 29 U.S.C. § 1132(c) claim for statutory damages arising from Praxair's failure to disclose plan documents is therefore inappropriate.

The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

Defendants have filed motions for judgment and for summary judgment. Having carefully considered Defendants' motions and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motions are DENIED in part and SUSTAINED in part. Plaintiff's claims in Counts I and III of the Amended Complaint are DISMISSED WITH PREJUDICE. Plaintiff's claims in Count II against both Defendants remain. Plaintiff's claim in Count IV against Praxair remains.

The Court will set a conference in the near future to discuss ongoing discovery issues.

2. 29 U.S.C. § 1105(a)(3) provides:

> In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
>   .    .    .    .    .
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.