**Shelly RAKOCZY, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Defendant.**

**Civil A. No. 95–40307.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 31, 1996.

Thomas G. McNeill, Michelle V. Thurber, Dickinson, Wright, Detroit, Michigan, for defendant.

John A. Maksym, Garrett & Maksym, Detroit, Michigan, for plaintiff.

### MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff brought this suit in state court to recover medical costs that she believes are covered by an insurance policy issued by the defendant. Defendant removed the matter to this court under the Employee Retirement Income Security Act (hereinafter "ERISA") and now moves for summary judgment. For the reasons stated below, the court will deny the defendant's motion.

### I. Factual Background

Defendant issued a group medical insurance policy to plaintiff's employer, Group S.A.A. Limited and Photo Concepts (hereinafter "Photo Concepts"), as part of its employee welfare benefit plan (hereinafter "Plan"). The Plan became effective on January 1, 1994. The Plan does not provide coverage for "pre-existing conditions." The pertinent Plan provisions read:

**Pre-existing Conditions**

A covered person may have received medical care or treatment for an injury or sickness at any time during the 6 months before coverage starts under this Plan. In this case, coverage under this benefit will be postponed for the injury or sickness until the earliest date below:

—6 months after the last time care of treatment was given for the injury or sickness.

—For you, when you have been covered under this Plan during active work for 12 months.

—For a dependent, when that person has been covered under this Plan for 12 months.

In April, 1994, the plaintiff was diagnosed with a large ovarian cyst, which was surgically removed. Plaintiff filed a claim with the defendant for her treatment costs, totalling over $7,000.00. While investigating the claim, defendant requested a description from each of plaintiff's doctors of the treatment that plaintiff had received during the six months prior to January 1, 1994. One of plaintiff's doctors, Dr. Wickham, responded with the following notations: on August 8, 1993 and October 28, 1993, "recheck for ovarian cyst"; on November 4, 1993, "ultrasound for ovarian cyst"; on November 22, 1993, "D & C/Laparoscopy"; on December 9, 1993, "PO [check]"; on March 3, 1994, "Infection." Dr. Wickham did not reveal to defendant the results of these procedures or her diagnosis of the plaintiff. Based upon these representations by Dr. Wickham, defendant concluded that the ovarian cyst which was removed in April, 1994 was a pre-existing condition and not covered by the Plan.

On October 18, 1994, defendant sent to plaintiff an "Explanation of Benefits" form which listed the various charges that plaintiff had claimed and the amount which defendant would pay for those charges. Next to the charges were explanatory codes. Two of

the explanations given, through these codes, for the defendant's refusal to pay for the cyst removal were: (1) "Your plan limits benefits for conditions that were treated before you joined your group health plan. This charge is for one of those conditions, and is not covered by the Plan."; and (2) "Your group health plan contains a pre-existing condition limitation. Since these expenses relate to a condition which we have determined fall [sic] under the pre-existing limitation, no comprehensive or major medical benefits are available at this time." The Explanation of Benefits form also listed defendant's name, address, and phone number and included the following statements: "A review of this benefit statement may be requested by following the steps outlined in your benefit booklet under 'How to Appeal a Claim' or 'Your Rights Under ERISA'. The request must be made within 60 days of receiving this statement."

Plaintiff attaches to her brief a letter, dated December 6, 1994, that she alleges to have sent to defendant, requesting a review of her claim. The letter notes the enclosure to defendant of the results of the procedures Dr. Wickham performed on November 22, 1993. In the letter, plaintiff writes that the results of these procedures and Dr. Wickham's interpretation of those results indicated that there was nothing wrong with the plaintiff. The letter further explains that plaintiff did not begin experiencing symptoms from the cyst that was removed until January, 1994. Defendant claims never to have received this letter from plaintiff. Accordingly, defendant never considered the letter and never reviewed the denial of plaintiff's claim.

On January 27, 1995, plaintiff filed the present suit in state court. Defendant removed the action to this court because it raised federal questions under ERISA. Defendant now moves for summary judgment, arguing that plaintiff may not properly bring this suit because she did not follow the administrative review procedures described in the Plan. Defendant also argues that, based upon the information before it at the time, its decision to deny plaintiff's claim was, as a

matter of law, not arbitrary or capricious, making summary judgment appropriate.

Plaintiff contends that she did comply with the Plan's administrative procedures by sending the letter of December 6, 1994 to defendant. Plaintiff also contends that this case should be remanded back to defendant to review its decision because defendant's notification of the denial of plaintiff's claim was inadequate under ERISA. Further, plaintiff argues that the pre-existing conditions clause is unenforceable due to its allegedly inconspicuous placement within the Plan. Lastly, plaintiff contends that there is a material question of fact concerning whether defendant's decision was arbitrary and capricious.

## II. Standard of Review

### a. Summary Judgment

 Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

 The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). This burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to sup-

170

port the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

**b. Review of Defendant's Decision to Deny Plaintiff's Claim**

In *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone,* 489 U.S. at 115, 109 S.Ct. at 956. If such discretion is given, then the decision will only be overturned if arbitrary or capricious. *Id.* at 109, 109 S.Ct. at 953; *Davis v. Kentucky Fin. Cos. Retirement Plan,* 887 F.2d 689, 693–94 (6th Cir.1989); *Varhola v. Doe,* 820 F.2d 809, 813 (6th Cir.1987). "When it is possible to offer a reasoned explanation,

based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis,* 887 F.2d at 693 (quoting *Pokratz v. Jones Dairy Farm,* 771 F.2d 206, 209 (7th Cir.1985)).

In the present case, the Plan states that "[t]he [defendant] Company has the discretion to construe and interpret the term [sic] of the Plan and the authority and responsibility to make factual determinations." In view of this grant of discretion, both parties agree that the arbitrary and capricious standard should be applied in this case.

In applying this standard, the court only considers the evidence that was before the decision-maker when it made its final decision. *Perry v. Simplicity Eng'g,* 900 F.2d 963, 966 (6th Cir.1991); *Crews v. Central States,* 788 F.2d 332, 336 (6th Cir.1986). The court does not conduct a de novo evidentiary hearing. *Id.*

**III. Analysis**

Both parties allege that the other has not followed proper procedure. The court will first address these procedural issues. Defendant alleges that plaintiff's suit is barred because she has not followed the administrative review procedures described in the Plan. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979 (6th Cir.1991). In the present case, however, plaintiff has adduced a letter allegedly sent to defendant on December 6, 1994, requesting review of her claim. This letter would satisfy the following administrative review procedures described in the Plan:

> [Y]ou may request to have your claim reviewed. The request must be in writing to the Company and made within 60 days after the date you receive the notice denying the claim.

The notice denying the claim was sent on October 18, 1994. Plaintiff's letter was allegedly sent on December 6, 1994. Thus, plaintiff's letter would meet the Plan's requirements for the request of a review.

Defendant denies ever having received the letter that plaintiff has produced. Clearly there is a question of fact whether the letter had ever been sent. On motion for summary judgment, however, this court must view the facts in the light most favorable to the non-movant, the plaintiff. So viewed, this court will assume that the plaintiff did send the proffered letter to the defendant on December 6, 1994. Thus, plaintiff is assumed to have properly followed the procedures in the Plan for requesting review of the denial of a claim.[1] Plaintiff's suit is not barred for failure to follow administrative review procedures.

Plaintiff argues that defendant's notification of the denial of plaintiff's claim was defective under ERISA, requiring remand of this case to defendant for a proper review of the denial. 29 U.S.C. § 1133 provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall—
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

The regulations promulgated under this section require that the written notice of denial include:

> (1) The specific reason or reasons for the denial;
>
> (2) Specific reference to pertinent plan provisions on which the denial is based;
>
> (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of

why such material or information is necessary; and

> (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f). In the present case, the Explanation of Benefits statement that notified plaintiff that her claim had been denied fails to comply with 29 C.F.R. § 2560.503–1(f).

 With respect to the first requirement, the mere statement of the conclusion that benefits should be denied does not constitute a "specific reason" for the denial, as that term is used in the regulations. *Van-derKlok v. Provident Life and Accident Ins. Co.*, 956 F.2d 610, 616–17 (6th Cir.1992); *Grossmuller v. Int'l Union*, 715 F.2d 853, 857–58 (3d Cir.1983); *Weaver v. Phoenix Home Life Mutual Ins. Co.*, 990 F.2d 154, 158–59 (4th Cir.1993); *Wolfe v. J.C. Penney, Inc.*, 710 F.2d 388, 392–93 (7th Cir.1983); *Short v. Cent. States, S.E. & S.W. Areas Pension Fund*, 729 F.2d 567, 574–75 (8th Cir.1984); *White v. Jacobs Eng'g Group Long Term Disability Benefit Plan*, 896 F.2d 344, 349–50 (9th Cir.1990). Defendant's notification merely stated that defendant believed the cyst removal fell within the Plan's pre-existing condition limitation. The notification should have informed the plaintiff of *why* defendant believed that the cyst was covered by the Plan's pre-existing condition limitation. *See Grossmuller*, 715 F.2d at 858. This would include notifying plaintiff of defendant's interpretation of the Plan's pre-existing condition provisions, the specific evidence upon which defendant based its conclusions, and why defendant believes the evidence supports its conclusions. *Id.* Thus, if defendant believed that Dr. Wickham's notations proved that plaintiff's cyst existed and was treated prior to January, 1994,[2] then it

---

1. Further, because this court, for the reasons discussed *infra*, holds that defendant's notification of denial was inadequate under ERISA, the Plan's sixty day period in which plaintiff could request a review never began. *See White v. Jacobs Eng'g Group Long Term Disability Benefit Plan*, 896 F.2d 344, 350–52 (9th Cir.1990) (holding that inadequate notice does not trigger a plan's time bar to appeal). Thus, even if plain-

tiff's letter was never sent, her suit would not be barred for failure to follow administrative review procedures.

2. Although the ability to properly make such a conclusion solely from the notations of Dr. Wickham is doubtful, considering that the notations did not state with any particularity what procedures were performed, much less the results of

should have so notified plaintiff and explained how those notations supported its conclusions. Further, defendant should have provided plaintiff the opportunity to examine the evidence upon which it relied in making its decision. *Id.* Accordingly, this court finds that defendant's notification form did not adequately provide plaintiff with the specific reasons that her claim had been denied, in violation of 29 C.F.R. § 2560.503–1(f)(1).

 With respect to the second requirement, defendant's letter properly referred plaintiff to the Plan's pre-existing condition limitation. Although the letter did not notify plaintiff of the location of that limitation within the Plan, the limitation is conspicuous enough that the failure to do so did not violate 29 C.F.R. § 2560.503–1(f)(2).

With respect to the third requirement, defendant's notification did not provide plaintiff with a description of the material or information that plaintiff should adduce to perfect her claim or an explanation of why such information would be helpful. Accordingly, this court holds that defendant's notification form did not meet the requirements of 29 C.F.R. § 2560.503–1(f)(3).

With respect to the fourth requirement, the notification did inform plaintiff that she could request a review of her claim. Although the notification did not itself describe the steps to be taken by plaintiff, it did refer plaintiff to the sections of the Plan that describe the steps to be taken. Accordingly, defendant's notification complied with 29 C.F.R. § 2560.503–1(f)(4).

Defendant's notification did not comport with the requirements of 29 U.S.C. 1133(1) because it failed to adequately state the reasons for denial or describe additional materials that plaintiff could adduce to perfect her claim and explain why those materials would be helpful. The remedy for such a violation is to remand the case back to defendant for a full and fair review of its denial of plaintiff's claim. *Wolfe,* 710 F.2d at 393. Plaintiff will be given proper notification of defendant's denial of her claim. Further,

defendant will allow plaintiff to adduce evidence in support of her claim before making its final decision. Finally, defendant will notify plaintiff and the court of its final decision.

At this time, it is not necessary for the court to address the other issues raised by the parties.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for summary judgment be **DENIED.** This case is **REMANDED** to defendant for a review of plaintiff's claim. Within ten days of this order, defendant shall provide to plaintiff proper notification of the denial of her claim. Within 45 days of this order, plaintiff shall provide to defendant any additional evidence in support of her claim. Within 90 days of this order defendant shall provide to plaintiff and the court its final decision with respect to plaintiff's claim.

**SO ORDERED.**

---

those procedures, the court is not holding that defendant's decision to deny benefits was improper. The court merely holds that the defendant did not properly notify plaintiff of its decision.