**HEBERT**

**v.**

**AETNA LIFE INSURANCE COMPANY**

**No. CIV.A. 98–2405.**

United States District Court,
E.D. Louisiana.

Dec. 3, 1998.

Brian Francis Guillot, NOTA Firm, New Orleans, for Veronica Hebert, plaintiffs.

Howard Shapiro, Rene' Elizabeth Thirne, McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, LA, for Defendant.

### ORDER AND REASONS

LEMMON, District Judge.

The Motion for Summary Judgment of defendant Aetna Insurance Company, (Doc. # 6), is hereby **GRANTED**. Plaintiff's claims are **DISMISSED** without prejudice and **REMANDED** to the plan appeals review committee for consideration.

Before the Court are essentially conflicting factual contentions between the parties as to whether plaintiff received notice of the denial of her long-term disability benefits. Aetna contends that by letter dated November 21, 1997, it complied with the ERISA notice requirements of 29 U.S.C. § 1133 by informing plaintiff, through her attorney, that her request for benefits had been denied, the specific reasons for the denial and the necessary steps to appeal the decision.

The November 21, 1997 letter provided: If she [plaintiff] disagrees with this denial of benefits, she has a right to appeal the decision. Aetna Life Insurance Company will review any additional detailed objective medical information submitted, from all physicians who have treated her for the condition (as) in question....

She is entitled to a review of this determination if she has questions or does not agree with the decision. To obtain a review, please forward a request in writing to this office. The request should include the group name (i.e.,-the name of the employer), her full name, social security number, and any other pertinent information.

Additionally, the request should include all issues and comments you would like considered. She is entitled to a review of all documents to her claim. Written request for review must be mailed or delivered within sixty (60) days following receipt of this explanation or such longer, as may be specified in your plan brochure or summary plan description.

Aetna argues that by failing to appeal the decision of the plan administrator, plaintiff failed to exhaust her administrative remedies. As a result, Aetna contends that plaintiff's claim should be dismissed with prejudice or, in the alternative, remanded to the plan appeals review committee so that plaintiff can properly exhaust her administrative remedies.

Plaintiff argues all plan exhaustion requirements should be waived because neither she nor her attorney ever received the November 21, 1997 letter.

ERISA requires benefit plans covered by the Act to provide internal dispute resolution procedures for participants whose claims for benefits have been denied. 29 U.S.C. § 1133. Employee benefit plans must provide adequate, written notice of the specific reasons for such a denial and must afford participants a reasonable opportunity for a "full and fair review" of the decision denying the claim. Id. See also 29 C.F.R. § 2560.503–1 (1987) (Department of Labor regulations governing plan remedies).

In addition, exhaustion requirements are applicable to suits brought under ERISA. *Denton v. First Nat'l Bank of Waco,* 765 F.2d 1295 (5th Cir.1985) (citing, *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980)). This requirement is not one specifically required by ERISA, but has been uniformly imposed by the courts in keeping with Congress' intent in enacting ERISA. *Hall v. National Gypsum Co.,* 105 F.3d 225, 231 (5th Cir.1997).

"Congress intended plan fiduciaries, not the federal courts, to have primary responsibility for claims processing." *Duhon v. Texaco, Inc.,* 15 F.3d 1302, 1309 (5th Cir.1994). "Claimants must present their strongest available case to the plan administrator, because the primary decision is made at that point." *Id.* "Congress' apparent intent in mandating these inter-

nal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." *Id.*

In *Denton,* the Fifth Circuit noted that the exhaustion requirement serves to provide a clear record of administrative action if litigation should ensue, and to assure that judicial review is made under the *arbitrary and capricious standard, not de novo. Denton,* 765 F.2d at 1300. The Court of Appeals stated that exhaustion requirements were "necessary to keep from turning every ERISA action, literally, into a federal case." *Hall,* 105 F.3d at 231.

ERISA also imposes broad fiduciary responsibilities on plan trustees and extensively regulates their conduct. 29 U.S.C. §§ 1104–14. Plan fiduciaries must perform their obligations with diligence and must discharge their duties "solely" in the interest of plan participants and their beneficiaries. 29 U.S.C. § 1104(1). *See Denton,* 765 F.2d at 1301. "By preventing premature interference with an employee benefit plan's remedial provisions, the exhaustion requirement enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Makar v. Health Care Corporation of the Mid–Atlantic,* 872 F.2d 80,82 (4th Cir.1989). Indeed, subsequent court action may be unnecessary in many cases because the plan's own procedures will resolve many claims. *Duhon,* 15 F.3d at 1309.

## DISCUSSION

A plan administrator is required by 29 C.F.R. § 2560.503–1(f) to "provide to every claimant who is denied a claim for benefits written notice" of the denial of the claim. On a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmovant, the plaintiff. The court finds that Aetna has

not established that they furnished to the claimant the requisite notification of the decision denying her claim. However, even if plaintiff did not receive adequate notice, she may not circumvent the congressional mandate to participate in the administrative appeal process. *See e.g., Rakoczy v. The Travelers Insurance Company,* 914 F.Supp. 166, 170 (E.D.Mich. 1996) (where insurer's notification of denial of benefits is defective the remedy is remand of the case back to insurer for full and fair review of its denied claim).

In *Meza v. General Battery Corp.,* 908 F.2d 1262, 1278 (5th Cir.1990), the Court held that "Congress [did not] intend[ ] to excuse individual claimants from exhausting their administrative remedies [even] in those cases where they were never informed of the applicable administrative procedures." In addition, the *Meza* Court noted with approval the holding in *Makar* which determined that a failure to exhaust administrative remedies is properly remedied by a remand to the plan. *Meza,* 908 F.2d at 1279.

Accordingly, the Court dismisses this case without prejudice, and remands to the plan appeals review committee for consideration.