RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0105p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNIVERSITY HOSPITALS OF CLEVELAND,
                              *Plaintiff-Appellee,*

    *v.*

SOUTH LORAIN MERCHANTS ASSOCIATION HEALTH
& WELFARE BENEFIT PLAN AND TRUST,
                              *Defendant-Appellant.*

> No. 04-4067

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 02-00428—Paul R. Matia, District Judge.

Argued: December 7, 2005

Decided and Filed: March 21, 2006

Before: MARTIN, COLE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Paul L. Jackson, ROETZEL & ANDRESS, Akron, Ohio, for Appellant. Daniel W. Dreyfuss, DANIEL W. DREYFUSS CO. L.P.A., Cleveland, Ohio, for Appellee. **ON BRIEF:** Paul L. Jackson, Karen D. Adinolfi, ROETZEL & ANDRESS, Akron, Ohio, for Appellant. Daniel W. Dreyfuss, DANIEL W. DREYFUSS CO. L.P.A., Cleveland, Ohio, for Appellee.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. This case involves an appeal by South Lorain Merchants Association Health & Welfare Benefit Plan and Trust ordering it to pay to the University Hospitals of Cleveland the full amount billed for services rendered to the son of a participant in South Lorain Merchants Association's benefit plan. For the reasons discussed below, we REVERSE the district court's judgment and remand the case for further proceedings consistent with this opinion.

I.

Dylan Ranallo was admitted to University Hospital for medical treatment on June 6, 2000. Dylan is the son of Robert Ranallo, who is a participant in South Lorain Merchants Association's benefit plan. On June 6, 2000, Robert Ranallo executed a document entitled "University Hospitals

of Cleveland Consent Form" that purported to assign to University Hospital the insurance rights and benefits relating to Dylan's care. On July 6, 2000, University Hospital sent a bill totaling $195,132.98 for services provided as part of Dylan's care to Commerce Benefits Group, the company that South Lorain Merchants Association employed to serve as its third-party administrator. On November 30, 2000, Commerce issued a document entitled Explanation of Benefits. The Explanation of Benefits contained a section entitled "Charge Amount" which listed charges submitted by University Hospital totaling $195,132.98 along with a deduction of $48,783.25, pursuant to a Preferred Provider Organization discount. Private Healthcare Systems, a nonparty here, was the source of the discount.

South Lorain Merchants Association, through its agent Cardinal Utilization Management, another nonparty, conducted an audit of the University Hospital bill. The audit was conducted without prior notice to University Hospital and without a University Hospital representative in attendance. The numeric summary of Cardinal's audit was provided to Commerce on September 11, 2001. The audit was finally completed on October 30, 2001. On November 15, 2001, an Explanation of Benefits for the services was sent to University Hospital along with a check for $106,769.79. The Explanation of Benefits included the original deduction of $48,783.25 based on a Preferred Provider Organization discount. The Explanation of Benefits also contained a deduction of $39,579.94 based on charges which the audit concluded were not covered under the Plan because they were in excess of usual, customary, and reasonable amounts authorized under the coverage.

On December 4, 2001, University Hospital filed an appeal from the partial denial of benefits. This appeal was not addressed by either South Lorain Merchants Association or its agents. South Lorain Merchants Association also later determined that its Preferred Provider Organization discount was under the Buckeye Preferred Network Preferred Provider Organization Contract, rather than the Private Healthcare Systems Contract noted above. As a result, South Lorain Merchants Association concluded that it was entitled to only a twenty-two percent Preferred Provider Organization discount rather than a twenty-five percent discount. South Lorain Merchants Association therefore sent University Hospital an additional payment of $14,561.34 on August 30, 2002, in order to remedy the discrepancy but still stood by its decision to refuse payment of $39,579.94, the amount allegedly not authorized under the plan.

University Hospital then brought suit in the United States district court seeking to be paid for the charges that South Lorain Merchants Association had declined to pay. The court concluded that the factual record was incomplete. It therefore dismissed the case and remanded the matter to the South Lorain Merchants Association administrator for further factual finding citing our decision in *Sanford v. Harvard Indus., Inc.,* 262 F.3d 590, 598 (6th Cir. 2001) in support of its remand order. The South Lorain Merchants Association administrator made the required findings of facts and decided that South Lorain Merchants Association had already paid the proper amount to University Hospital. The Plan Administrator then sent its decision, along with the materials it used to reach that decision, to the district court and the district court reinstated the case. Without a hearing and acting summarily, the district court concluded that South Lorain Merchants Association owed University Hospital $73,801.85. The district court's decision was based on several alleged factors. First, the district court concluded that South Lorain Merchants Association's failure to provide University Hospital with an appeal violated due process. Additionally, the district court concluded that South Lorain Merchants Association had likely miscalculated the Preferred Provider Organization discount it was due because the proper discount under the Buckeye Preferred Network Contract was twenty percent. The district court concluded, however, that this error was immaterial because South Lorain Merchants Association was not entitled to any discount or any deduction because it had failed to follow procedural requirements of its plan. Specifically, South Lorain Merchants Association had failed to comply with the Buckeye Preferred Network Contract that states that any discount is not available unless a hospital is paid within sixty days from receipt of a clean claim. As a result, the district court concluded, South Lorain Merchants Association was not entitled to any Preferred

Provider Organization discount. The district court also concluded that the results of the audit could not be used because South Lorain Merchants Association violated the Preferred Provider Organization contract with Buckeye Preferred Network, which stated that any audit had to take place upon ten days prior written notice to University Hospital. The district court thus decided that South Lorain Merchants Association owed University Hospital the full amount requested by University Hospital. South Lorain Merchants Association then filed this timely appeal.

## II.

Following remand to the Plan Administrator, the district court considered all the evidence before it and concluded that South Lorain Merchants Association was liable to University Hospital for the full amount University Hospital submitted to South Lorain Merchants Association. We review for clear error the district court's findings of fact and we review de novo the district court's conclusions of law. *Anderson v. International Union, United Plant Guard Workers of America*, 370 F.3d 542, 551 (6th Cir. 2004).

The South Lorain Merchants Association raises three claimed errors on appeal. First, the Association claims that the district court erred in reviewing the Plan Administrator's decision de novo rather than under an abuse of discretion standard. Second, South Lorain Merchants Association claims that the district erred in denying it a Preferred Planned Organization Discount based on the University Hospital contract with the Buckeye Preferred Network. Finally, South Lorain Merchants Association claims that the district court erred by requiring South Lorain Merchants Association to pay University Hospital in excess of the amount covered by the Plan's terms.

## A.

Before the case was sent back to the Plan Administrator for further factual findings, both parties and the district court agreed that de novo review of the denial of reimbursement was proper. Following the Plan Administrator's findings of facts and conclusion that South Lorain Merchants Association had properly reimbursed University Hospital, however, South Lorain Merchants Association asserted that the proper standard of review was arbitrary and capricious. South Lorain Merchants Association's assertions were based on the Supreme Court's holding in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), declaring that while de novo review of a Plan Administrator's decision is the ordinary standard, the proper standard of review may be arbitrary and capricious where the benefit plan gives the administrator or the fiduciary discretionary authority to determine eligibility or construe the terms of the plan. Here the language clearly vests the Plan Administrator with such discretionary authority and thus the arbitrary and capricious standard of review would normally apply as it should here.

The district court, however, did not apply the arbitrary and capricious standard of review on the grounds that "the SAR [Stipulated Administrative Record] lacks documentation required under *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 615 (6th Cir. 1992), and therefore, the decision of the South Lorain Merchants Association plan administrator, on appeal filed by the plaintiff, violated plaintiff's due process rights." While the district court failed to elaborate on this proposition, we read the district court's opinion as suggesting that the Plan Administrator's failure to provide University Hospital with an appeal, prior to the district court's remand of the case to the Plan Administrator, violated *VanderKlok*. De novo review of the case was thus appropriate. We are unconvinced that the district court's analysis of the standard of review issue was proper.

29 U.S.C. § 1133 requires that when a Plan denies a claimant's benefits, the administrator must provide the claimant written notice along with a reasonable opportunity for a full and thorough review of the denial by the plan administrator. In *VanderKlok*, we considered the proper remedy where the procedural right to a reasonable opportunity for a full and thorough review was violated.

This Court ruled that the proper remedy for a failure to provide appropriate administrative review is to have the district court "reconsider [the denial of benefits] after the [claimant] has been given the opportunity to submit additional evidence" rather than remanding the case to the Plan for further consideration. *Id.* at 617.

Based on this Court's instructions in *VanderKlok*, the district court made the curious decision to remand the case to the Plan Administrator after South Lorain Merchants Association failed to provide University Hospital with an adequate opportunity for review. Under *VanderKlok*, rather than remand the case, the district court should have conducted the review of the case itself and permitted University Hospital to introduce additional evidence as to its reasonable and medically needed additional charges. The district court, however, did not do this. Instead the district court improperly remanded the case to the Plan Administrator for further fact finding, at which point the Plan Administrator conducted further findings and ruled on the merits of University Hospital's claims. The district court then decided, even after the Plan Administrator conducted a review of University Hospital's claims, that University Hospital's procedural rights were still violated, and that the proper remedy was to alter the standard of review.

We find this decision perplexing and inconsistent with prior precedent. First, we are unconvinced that once the Plan Administrator reviewed the claims, that University Hospital's rights were still violated. There is no suggestion that the review conducted by the Plan Administrator, while perhaps delayed, was not full or fair. Nowhere does University Hospital suggest that additional evidence ought to have been considered that was ignored by the Plan Administrator during its review of University Hospital's claim. If there is no violation of University Hospital's procedural rights, then *VanderKlok* is not implicated and the district court's reliance on it in altering the standard of review was unwarranted.

Most importantly, however, even if the Plan Administrator's delayed review of the case violated University Hospital's procedural rights under 29 U.S.C. § 1133, the district court remedied this violation, albeit improperly. *VanderKlok* indicates that the proper remedy for the procedural violation presented would be to allow University Hospital to present additional evidence before the district court. *VanderKlok* does not suggest that changing the standard of review, however, is the proper means of remedying a violation of a claimant's procedural rights. The district court's reading of *VanderKlok* was erroneous, and it had no basis for concluding that de novo review of University Hospital's claims were warranted. Thus, the proper standard of review is an abuse of discretion.[1]

B.

South Lorain Merchants Association's second claim is that the district court erred in denying it a Preferred Provider Organization discount. The district court concluded that despite the fact that South Lorain Merchants Association had entered into a contract with the Buckeye Preferred Network that entitled it to discount University Hospital medical bills, it had failed to follow the requirements of the Buckeye Preferred Network Contract. The contract stipulates that "predetermined Rates will not be available unless Hospital Bills are paid within sixty (60) days from receipt of a clean claim. A clean claim is one void of any omissions of pertinent information, coordination of benefits issues and any liability issues." The district court concluded that "[b]y waiting sixty (60) days from the date South Lorain Merchants Association received the repriced bill

---

[1]University Hospital argues that in addition to *VanderKlok*, the "law of the case" doctrine requires that the district court apply de novo review as it decided, prior to remanding the case to the Plan Adminstrator, that de novo review was appropriate. *See United States v. Thomas,* 167 F.3d 299, 306 (6th Cir. 1999). Considering the change in factual scenario between the district court's initial ruling that the de novo review applied and its second consideration of the issue (namely the review of the case by the Plan Administrator), we find the law of the case doctrine inapplicable in this case.

from its auditing agent, Cardinal, to pay the bill, South Lorain Merchants Association violated the Buckeye Preferred Network Preferred Provider Organization contract timeliness provision, and therefore South Lorain Merchants Association is not entitled to discount." The district court again failed to provide a thorough explanation of this conclusion, and it is difficult to determine from the record the grounds the district court relied upon for its ruling. Nonetheless, we interpret the district court's opinion as concluding that the numeric summary of the audit that South Lorain Merchants Association received on September 11, 2001, was a clean claim for the purpose of the Buckeye Preferred Network Contract. Thus, the court found South Lorain Merchants Association had violated the terms by delaying the sending of a check until November 15, 2001, which was over sixty days after South Lorain Merchants Association received a clean claim.

Given the contract's definition of a clean claim as one void of any omissions of pertinent information, coordination of benefits issues and any liability issues, we conclude that the district court's conclusion that a clean claim was submitted to South Lorain Merchants Association on September 11, 2001 was in error. South Lorain Merchants Association received a tentative summary of the audit's results on September 11, 2001, but the audit was not actually completed until October 30, 2001. We conclude that it was not until this later date that the result of the audit could be truly considered a clean claim. Until that date, South Lorain Merchants Association was missing a pertinent piece of information --- namely, the knowledge that the audit was complete and that the numeric summary the auditor had provided to South Lorain Merchants Association on September 11th represented the final amount owed to University Hospital. If October 30, 2001 is considered the date on which there existed a clean claim, then South Lorain Merchants Association would not have violated the timeliness provision of the Preferred Provider Organization contract. Its payment to University Hospital on November 15, 2001 would fall well within the contract mandate that South Lorain Merchants Association provide payment to University Hospital within sixty days of receiving a clean claim. Given that the audit was not actually completed until October 30th, a clean claim did not exist until that date. No proof was offered to show any other industry standard other than this interpretation.

University Hospital argues also argues that South Lorain Merchants Association should not receive a Preferred Provider Organization discount because payment of the bill was untimely given that $14,561.58 of the claim was not paid within sixty days of a receipt of a clean claim. Here, the record indicates that the failure to pay the $14,561.58 was merely the result of a calculation error. Nothing in the record suggests, nor does either party argue, that this error was the result of an attempt by South Lorain Merchant Association to withhold the properly owed amount from University Hospital. Given the complexity of the bill in this case and that nothing in the record indicates this delay in payment was anything but a good-faith mistake, we do no interpret this delay as being sufficient under the contract to prevent the Plan from receiving a Preferred Provider Organization discount.

Although we have decided that the district court improperly denied South Lorain Merchants Association a Preferred Provider Organization discount based on the contract's timeliness provision, it is unclear from the record the proper percentage discount that is owed to South Lorain Merchants Association under the contract. South Lorain Merchants Association contends that the contract entitles it to a 22% discount, while University Hospital contends that the proper discount under the contract is 20%. The district court did not reach this issue because of its decision that no discount was owed. Nevertheless, the district court did express confusion over the discrepancy regarding the proper discount and indicated that South Lorain Merchants Association's assertion of the 22% discount was perplexing. Based on this factual discrepancy, we remand the case to the district court for determination as to the proper Preferred Provider Organization discount that South Lorain Merchants Association was entitled to under its contract.

C.

South Lorain Merchants Association's final claim is that the district court's decision improperly requires it to pay University Hospital for charges that fall outside the Plan's terms. As part of its audit, South Lorain Merchants Association concluded that $39,579.94 of University Hospital's claims did not qualify as usual, customary or reasonable medical charges under South Lorain Merchants Association's contract and thus were not due. The district court concluded that South Lorain Merchants Association was required to pay University Hospital this sum, but failed to provide a clear reasoning for its conclusion. The only plausible reason for this decision that can be gleaned from the record is the district court's conclusion that the audit that produced South Lorain Merchants Association's decision not to pay $39,579.94 of the bill was conducted without prior notice to University Hospital and without the attendance of a University Hospital representative. University Hospital alleges that the district court's ruling was proper because the Buckeye Preferred Network's contract with University Hospital indicates that:

> Hospital agrees that BPN [Buckeye Preferred Network], and its employees or authorized representatives shall have reasonable access during the term of this Agreement to audit and copy all files and records relevant to the execution of this Agreement, as jointly agreed upon. The right to have access to Hospital's records shall be subject to all applicable laws and regulations concerning confidentiality of records. Such audits and copying shall be conducted during regular hours, *upon ten (10) working days written notice.* Copying charges shall be at Hospital's then current rate of reimbursement and shall be paid by BPN or applicable Payor no later than the date upon which the requested copies are made.

(Emphasis added). University Hospital alleges that South Lorain Merchants Association failed to provide it with ten days notice prior to conducting an audit. Therefore, University Hospital asserts, South Lorain Merchants Association should be denied the benefit of that audit, namely, the $39,579.94 deduction from their bill. In response, South Lorain Merchants Association argues that the audit provision in the Buckeye Preferred Network contract does not apply to its audit of University Hospital's bill of services. We conclude that the district court erred in denying South Lorain Merchants Association's $39,579.94 deduction because the ten-day Buckeye Preferred Network contract audit provision is not applicable to this case.

"Because the Plan is governed by ERISA, we apply federal common law rules of contract interpretation in making our determination." *Perez v. Aetna Life Insurance Co.*, 150 F.3d 550, 556 (6th Cir. 1998). "The general principles of contract law dictates that [this Court] interprets the Plan's provisions according to their plain meaning, in an ordinary and popular sense." *Id.* Based on this plain meaning analysis, this Court gives effect to the unambiguous terms of the contract. *Id.* The plain meaning of the Buckeye Preferred Network contract indicates that the audit provision does not apply to the audit conducted by South Lorain Merchants Association.

First, the terms of the provision appear to apply only to Buckeye Preferred Network and not South Lorain Merchants Association. The audit provision specifically indicates that the provision applies only where the audit is conducted by "BPN [Buckeye Preferred Network] and its employees or authorized representatives." Under the contract South Lorain Merchants Association is defined as a "payor" and not as Buckeye Preferred Network, Buckeye Preferred Network's employee or Buckeye Preferred Network's authorized representative. Had the parties intended the audit provision to apply to network members like South Lorain Merchants Association, they could have done so by stating both Buckeye Preferred Network and Payors were required to comply with the provision, as the contractors did in other provisions of the contract. This, however, did not occur. Instead the provision terms indicate that only Buckeye Preferred Network is required to comply with

the audit provision. Therefore, the plain language of the contract indicates that the audit provision does not apply to an audit conduct by South Lorain Merchants Association.

Additionally, even if the provision were read to apply to South Lorain Merchants Association, it is unclear that it would have required South Lorain Merchants Association to provide University Hospital ten days notice in this case. The audit provision we are considering concerns those audits where the auditor requires access to the hospital's records or files. Thus, the provision focuses on how an auditor may access those files, who will be charged a copying fee for copies of the files, and when the auditor may access those files and records. Thus, the audit provision seems concerned with outside access to Hospital records and files. Viewed in this light, the notice provision is meant to prevent auditors from attempting to access hospital records or files without providing notice to the hospital; it has nothing to with the need to provide notice to the hospital that an audit is going to be conducted. This reading of the notice requirement makes sense when examined in concert with the other requirements of audit provision. The notice provision does not apply to all audits, and only applies to "such audits" that require access to hospital records or files. It does not therefore apply to audits such as the one that occurred in this case, where the "audit" was only a review of the hospital bill provided to South Lorain Merchants Association and did not require access to any of University Hospital's records or files. Thus, we conclude that even if the audit provision applied to South Lorain Merchants Association, South Lorain Merchants Association would still not have violated it by failing to provide University Hospital with ten days notice prior to the audit.

The lack of notice is therefore an insufficient ground upon which to ignore South Lorain Merchants Association's conclusion that $39,579.94 of the billed charges were properly deducted as not medically necessary. Nonetheless, it is unclear whether the Plan Administrator properly determined that these charges were in excess of the usual, reasonable, and customary charges that South Lorain Merchants Association is required to pay as required by the Plan. We therefore remand this case to the district court for consideration as to whether the Plan Administrator abused its decision by concluding that all $39,579.94 of the billed charges were not properly payable under the Plan.

## III.

For the reasons discussed above, we REVERSE the district court's decision and REMAND the case to the district court for further consideration consistent with this opinion. Upon remand, the district court needs to consider whether the Plan Administrator abused its discretion in determining the amount properly payable to University Hospital.