*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0132p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

THOMAS WENNER,

      *Plaintiff-Appellee,*

    *v.*

SUN LIFE ASSURANCE COMPANY OF CANADA,

      *Defendant-Appellant.*

Nos. 05-6534/6740

>

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00934—Todd J. Campbell, District Judge.

Argued: September 20, 2006

Decided and Filed: April 12, 2007

Before: ROGERS and GRIFFIN, Circuit Judges; OBERDORFER, District Judge.[*]

---

### COUNSEL

**ARGUED:** Mark E. Schmidtke, SCHMIDTKE HOEPPNER CONSULTANTS, Valparaiso, Indiana, for Appellant. Robert Jan Jennings, BRANSTETTER, KILGORE, STRANCH & JENNINGS, Nashville, Tennessee, for Appellee. **ON BRIEF:** Mark E. Schmidtke, SCHMIDTKE HOEPPNER CONSULTANTS, Valparaiso, Indiana, for Appellant. Robert Jan Jennings, BRANSTETTER, KILGORE, STRANCH & JENNINGS, Nashville, Tennessee, for Appellee.

OBERDORFER, D. J., delivered the opinion of the court, in which GRIFFIN, J., joined. ROGERS, J. (pp. 7-8), delivered a separate opinion concurring in part and dissenting in part.

---

### OPINION

---

OBERDORFER, District Judge. Thomas Wenner was the Chief Operating Officer of Orchid Manufacturing Group ("Orchid") when he suffered a heart attack. He sought disability benefits from Sun Life Assurance Company of Canada ("Sun Life") under his employer's disability benefits plan and, for a time, received them. In 2003, Sun Life discontinued the benefits, having determined that Wenner was no longer disabled. Wenner challenged Sun Life's decision in state and then federal

---

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

court. He argued, *inter alia*, that Sun Life failed to notify him of the specific reasons for its decision as required by the Employee Retirement Income Security Act of 1974 (ERISA).

The district court rejected Sun Life's decision for a different reason. It concluded that Sun Life's determination that Wenner was no longer disabled was arbitrary and capricious and unsupported by the administrative record. Although we do not necessarily agree with that determination, we will affirm the district court's judgment on the separate ground that Sun Life violated the notice requirements of ERISA.

## BACKGROUND

Suffering from acute inferior myocardial infarction, Wenner successfully underwent heart bypass surgery in January 2001. Before the surgery Wenner could walk for only ten minutes at a time; after the surgery Wenner could "walk[] over a mile and a quarter . . . without any kind of symptoms." Physician Notes (Jan. 24, 2001), JA 427. By March 2001, Wenner had returned to work at Orchid on a reduced-hours basis, and by January 2002, he was working approximately eight-hour workdays, with three-and-one-half of those hours spent at Orchid's plants or corporate headquarters and the remainder working from home. He also engaged in a number of other common daily activities, including walking for thirty to forty-five minutes four times a week. Nevertheless, he continued to experience shortness of breath and claimed that he was not able to cope well with any personal or work-related stress. *See* Claimant Activity Questionnaire (Jan. 23, 2002), JA 375-76.

Sun Life initially approved Wenner's claim for disability benefits following his surgery, and began issuing monthly payments of about $7000 in early 2001. The benefits plan required that Wenner periodically submit to Sun Life updated medical and personal activity information. In October 2002, Sun Life made such a request by letter, but sent the letter to the wrong address. When Wenner failed to respond, Sun Life followed up with a voicemail message and a second mis-addressed letter. When Wenner again did not respond, Sun Life sent a third letter which terminated his disability benefits. Its stated reason for the termination was that "the materials requested have not been received." Sun Life Letter to Wenner (Feb. 21, 2003) ["February Letter"], JA 339. The February Letter further provided:

> If you disagree with our decision, you may request in writing a review of the denial within 180 days after receiving this notice of denial.
>
> You may submit written comments, documents, records or other information relating to your claim for benefits . . . .
>
> We will review your claim on receipt of the written request for review, and will notify you of our decision within a reasonable period of time . . . .
>
> . . . .
>
> You have the right to bring a civil action under [ERISA] following an adverse determination on review.

*Id.* Although the February Letter also was wrongly addressed, Wenner received it and appealed the termination to Sun Life, as provided for in the letter. He claimed that he had not received Sun Life's other written and voicemail requests. He then submitted the requested information.

Sun Life reviewed Wenner's claim and updated information. It referred Wenner's updated medical records to two doctors. They both determined that Wenner was no longer physically incapable of doing the work of a full-time corporate executive. For example, one of the doctors, a cardiologist, said that Wenner's medical records reflected the health of a man capable of doing the work of a lumberjack or heavy laborer.

Based on this information, Sun Life affirmed its termination of disability benefits. Sun Life did not rest its termination of benefits on the ground stated in its February Letter, *viz.*, that "the materials requested ha[d] not been received." Instead, it determined that Wenner was "not disabled by [his] cardiac condition." *See* Sun Life Letter to Wenner (April 30, 2003) ["April Letter"], JA 171. The April Letter further stated:

> Therefore, based on the medical information provided by your treating physician, the comprehensive review by our independent physician reviewers, and the fact that you have been performing the duties of your own occupation on a full-time basis as needed, you do not meet the policy definition of disability as outlined elsewhere in this letter. Therefore, no further benefits are payable, and your claim will remain closed.
>
> All administrative remedies have been exhausted and your file will remain closed.
>
> . . . .
>
> You have the right to bring a civil action under [ERISA] . . . .

*Id.*, at JA 172. The April Letter, unlike the February Letter, did not provide for any means of appeal to Sun Life of the determination that Wenner was no longer disabled. Indeed, on at least three separate occasions thereafter when Wenner attempted to appeal this determination to Sun Life, it expressly denied him any right to appeal and referred him to his rights under ERISA. *See* DeCoff Letter to Johnson (Aug. 15, 2003), JA 147; Prior Letter to Johnson (June 26, 2003), JA 151; Prior Letter to Johnson (June 5, 2003), JA 156.

Finally, on September 8, 2003, Wenner filed a judicial complaint against Sun Life in the Chancery Court of Davidson County in Nashville, Tennessee. The complaint prayed for a decree "awarding the total value of [long-term disability income] benefits" that Sun Life had denied him. Sun Life removed the action to the United States District Court for the Middle District of Tennessee (Campbell, J.), basing federal jurisdiction on ERISA's preemption of Wenner's claims. 28 U.S.C. § 1441; *see* Dist. Ct Mem. Op., at 3 (April 11, 2005), JA 612 (noting that Wenner's claim is preempted and governed by ERISA).

Following the parties' cross motions for judgment on the administrative record, the district court held that Sun Life's decision to terminate the benefits was arbitrary and capricious. The court agreed with Wenner that where Sun Life had mis-addressed the letters requesting updated information, the failure to provide such information could not serve as a basis for Sun Life's denial of benefits. Sun Life does not appeal this finding. *See* Appellant's Br. at 29 n.7 (dismissing the district court's finding in this regard because "[i]n any event" Sun Life ultimately did receive and render decision on the requested information).

The court further concluded that Sun Life's determination that Wenner was not disabled was not supported by the administrative record. Sun Life appeals this finding, arguing that the district court failed to abide by the appropriate standard for reviewing a plan administrator's determination

under ERISA and improperly imposed on Sun Life the burden of proving cessation of Wenner's disability.

## DISCUSSION

It is well-settled that this court "review[s] *de novo* the decision of a district court granting judgment in an ERISA disability benefit action based on an administrative record," applying the same legal standard as does the district court. *Glenn v. MetLife*, 461 F.3d 660, 665-66 (6th Cir. 2006) (citing *Whitaker v. Hartford Life & Accident Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005), and *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998)). Here, the correct legal standard to apply to Sun Life's denial of benefits is the arbitrary and capricious standard. *See* Dist. Ct Mem. Op., at 4 (April 11, 2005), JA 613 (noting that it is undisputed that the benefits plan "clearly indicates that the arbitrary and capricious standard applies to review of the plans administrator's benefits determination"); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Glenn*, 461 F.3d at 666. However, this court reviews *de novo* the legal question whether Sun Life in denying Wenner's claim complied with the notice requirements of ERISA. *McCartha v. National City Corp.*, 419 F.3d 437, 444 (6th Cir. 2005) (citing *Kent v. United Omaha Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996)).

It is clear from the record that Sun Life failed to comply with the notice requirements of ERISA. ERISA § 503, codified at 29 U.S.C. § 1133, provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall --
>> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133; *see also* 29 C.F.R. § 2560.503-1 (implementing regulation). The "essential purpose" of the statute is twofold: (1) to notify the claimant of the *specific* reasons for a claim denial, and (2) to provide the claimant an opportunity to have that decision reviewed *by the fiduciary*. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 436 (6th Cir. 2006) (citing *Kent*, 96 F.3d at 807). This circuit applies a "substantial compliance" test to determine whether § 1133's notice requirements have been met. *See id.* The test "considers all communications between an administrator and plan participant to determine whether the information provided was sufficient under the circumstances." *Id.* (citing cases). If the communications between the administrator and participant as a whole fulfill the twin purposes of § 1133, the administrator's decision will be upheld even where the "particular communication does not meet those requirements." *Id.* (quoting *Kent*, 96 F.3d at 807).

Sun Life attempted to fulfill the requirements of § 1133 by the two letters sent to Wenner in February and April 2003. The letters explained that his disability benefits would be terminated and provided detailed reasons for Sun Life's determination. However, neither substantially complies with the requirements of § 1133.

Assuming *arguendo* that Sun Life complied with § 1133(1), it violated § 1133(2) by failing to "afford a reasonable opportunity to [Wenner] for a full and fair review by the appropriate named

fiduciary of the decision denying the claim," 29 U.S.C. § 1133(2).  Such language cannot encompass Sun Life telling Wenner it was denying his claim for one reason, and then turning around and terminating his benefits for an entirely different and theretofore unmentioned reason, without affording him the opportunity to respond to the second, determinative reason for the termination. As this court has repeatedly said, the purpose of § 1133 is to "notify[] Plaintiff of [the plan administrator's] reasons for denying his claims and affording him a fair opportunity for review," *Moore*, 458 F.3d at 436.  This Sun Life did not do.

In a very similar case, a panel of this court noted that, where a plan administrator provided notice that implied one basis for its termination of benefits, but then in its final decision letter included an entirely new basis, the plan administrator did not substantially comply with § 1133.  *See McCartha*, 419 F.3d at 446.  In *McCartha*, the claimant received long-term disability benefits because she suffered from depression.  *Id.* at 439.  The benefits plan conditioned payment of benefits upon, *inter alia*, (a) submission to a treatment program that included monthly therapist and doctor visits and (b) certification of continuing disability.  *Id.* at 439-40.  The plan administrator, in its initial letter terminating the claimant's benefits, "created the distinct impression" that its decision rested upon the claimant's failure to comply with her treatment program and her history of regularly missing her appointments.  *Id.* at 445.  The appeals committee, in time, adhered to the plan administrator's decision to terminate benefits; however, its letter added as a second basis for denying benefits that the claimant was no longer disabled.  *Id.* at 441.  This court ruled on appeal that that decision violated § 1133 "because [the claimant] was never timely informed that the failure to provide current medical opinions as to her long-term disability would be one of the bases for the termination of her benefits."  *Id.* at 446.

Likewise, in the appeal *sub judice*, we are confronted with the facts that Wenner's initial termination letter indicated that his failure to respond to an updated information request was the sole basis for the benefits termination, but the final decision letter stated the entirely new reason that Sun Life had determined that Wenner was no longer disabled.

These actions clearly violated ERISA; we are left with the question of the appropriate remedy.  In *McCartha*, despite finding a violation of § 1133, we nonetheless held that the "procedural violation does not require a substantive remedy" because a remand in that case would have been a useless formality and served no useful purpose.  *McCartha*, 419 F.3d at 447.  The appeals committee in *McCartha* "provided two independent reasons for denying [the claimant] benefits," one of which survived § 1133 scrutiny.  *Id.*  Because the second reason for the denial (which had failed to satisfy § 1133) did not vitiate the original correct basis for the decision (that claimant was not adhering to the required treatment program), the court found that the original basis for the decision survived the violation of § 1133.  Before this court, Sun Life no longer contends that Wenner failed to provide updated medical information.  Instead, it relies on only one reason:  that Wenner is no longer disabled.  Because Sun Life never provided Wenner an opportunity to respond by the appropriate appeals process to that dispositive basis for its decision, it violated § 1133.

Under these circumstances, it is appropriate to reinstate all benefits beginning from the invalid termination, as the district court did (albeit for different reasons).  Our aim in granting relief under ERISA is to place Wenner "in the position he . . . would have occupied but for the defendant's wrongdoing."  *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998).  To do so, reinstatement is necessary.  As this court observed in *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590 (6th Cir. 2001), when an initial grant of benefits has been terminated in violation of § 1133, the benefits have "*never been properly revoked.*  Thus [the] procedural violation is not the reason that [the] benefits commenced, but [it] is the reason that they should continue until a decision regarding the potential revocation of . . . benefits has been properly determined in compliance with the plan's provisions."  *Id.* at 599 (emphasis added); *see Schneider v. Sentry Group Long Term Disability Plan*, 422 F.3d 621 (7th Cir. 2005).

Responding to our dissenting colleague, it is noteworthy *McCartha* provided no occasion for the court to address the question of reinstatement of benefits. There, the court simply found that the "procedural violation d[id] not require a substantive remedy" because the plaintiff's claim was meritless, and it then *upheld* the plan administrator's termination of benefits. 419 F.3d at 447.

Finally, the other cases from this court cited by the dissent all concern the proper remedy for a § 1133 violation when the plan administrator denies a plaintiff's *initial* disability claim, not the *termination* of benefits that have already been granted. *See, e.g.*, *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006); *Moore*, 458 F.3d at 436; *Univ. Hosps. of Cleveland v. S. Lorain Merchs. Ass'n*, 441 F.3d 430, 434 (6th Cir. 2006); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 461 (6th Cir. 2003); *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 616-17 (6th Cir. 1992). We agree with the Seventh Circuit that the distinction is important: A plaintiff denied any benefits at all has no expectation of receiving them unless her claim is meritorious, and thus returning her to the status quo prior to the § 1133 violation requires only curing the procedural violation so that she may fairly pursue the merits of her claim. On the other hand, a plaintiff whose benefits have been terminated has, prior to the termination, a full expectation of continued disability payments until they are terminated by lawful procedures. Thus, "prior to the termination of her benefits by improper procedures, the status quo was that [the plaintiff] was receiving long-term disability benefits" and "the appropriate remedy is an order vacating the termination of her benefits and directing [the defendant] to reinstate retroactively the benefits." *See Schneider*, 422 F.3d at 629-30.

## CONCLUSION

We have considered the other arguments of the parties and find them to be either unnecessary to address in light of our present disposition of this appeal or without merit. For the foregoing reasons, the judgment of the district court is affirmed for the reasons set forth in this opinion.

---

**CONCURRING IN PART, DISSENTING IN PART**

---

ROGERS, Circuit Judge, concurring and dissenting. I concur in the majority opinion except that I dissent as to the remedy. *See* Maj. Op. at 5-6.

There is no legal basis to order the payment of benefits as a penalty for violation of the procedural requirements of ERISA. First, there is no statutory basis in ERISA for the payment of benefits not otherwise required by the plan as a penalty for violating procedural requirements. We held, for instance, in *McCartha v. National City Corp.*, 419 F.3d 437, 447 (6th Cir. 2005), that a plan administrator's procedural violation did not require a substantive remedy because the administrator affirmed the initial benefits denial on appeal. Thus, even though the administrator violated 29 U.S.C. § 1133, the plaintiff was not entitled to a substantive remedy under ERISA because the administrator properly determined that the plaintiff was not entitled to disability benefits. *See also Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 461 (6th Cir. 2003); *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) (Alito, J.).

Reinstatement is not necessary in order to make the plaintiff whole for a procedural violation. The flaw in holding otherwise is that a plaintiff is *more* than made whole—and indeed receives a windfall—if after proper procedures it is determined that the plaintiff was not entitled to the benefits that the administrator terminated with flawed procedures. In this regard I respectfully disagree with the Seventh Circuit's analysis in *Schneider v. Sentry Long Term Disability*, 422 F.3d 621, 629-30 (7th Cir. 2005). The plan determines what the plaintiff is entitled to in the way of benefits, and nothing in the plan has been shown to provide benefits until the administrator complies with all procedural requirements. Instead, the plan provides that benefits will continue until "the date the Employee is no longer Totally or Partially Disabled." JA 44. The plan does not provide that benefits will continue until the administrator complies with ERISA's procedural provisions. This is consistent with ERISA's procedural provisions, which contemplate that a plan participant receives notice and an opportunity for review only *after* the administrator has denied benefits. *See* 29 U.S.C. § 1133 (requiring notice and opportunity for review to any participant whose claim for benefits "has been denied"). Wenner was entitled to benefits until the plan administrator determined that he was no longer disabled, not until the administrator followed ERISA's procedural requirements for notifying Wenner of its decision and providing him a full and fair review of that decision. The plan administrator's substantive disability determination is not the same as the administrator's failure to provide Wenner an opportunity for review of that determination, and an error in the latter does not negate the effect of the former.

Furthermore, if our job is "to place Wenner in the position he would have occupied but for the defendant's wrongdoing," Maj. Op. at 5, then ordering reinstatement of benefits goes too far. At the time that Sun Life failed to comply with ERISA's procedural requirements, it had already concluded that Wenner was no longer disabled and, accordingly, denied him continued benefits. Wenner was in the position of a claimant who had been denied benefits but afforded no opportunity for review of that denial. To order reinstatement of benefits places Wenner in a better position than he was in prior to Sun Life's violation of § 1133.

*Sanford v. Harvard Industries, Inc.*, 262 F.3d 590 (6th Cir. 2001), does not truly support the remedy ordered in this case. In *Sanford* we upheld a district court order reversing an ERISA administrator's termination of certain retirement benefits. *Id.* at 592. The district court held that, because of procedural violations by the administrator, the case should be remanded to the administrator for a decision on whether the beneficiary was indeed eligible. *Id.* at 594. The district court also held that the benefits should be reinstated "pending a decision on the issue of Sanford's

retirement eligibility by the [Administrator]." *Id.* at 599. We upheld the order in all respects. We did not hold, however, that Sanford was simply entitled to the retirement benefits because of a procedural violation. If so, there would have been no need for a remand. In contrast, in this case a remand is not ordered on the theory that the procedural violation simply entitles Wenner to the benefits. *Sanford* does not compel that result.

Indeed, *Sanford* is inconsistent with the Seventh Circuit's analysis in *Schneider*. In *Schneider* the Seventh Circuit in affirming retroactive reinstatement of benefits *rejected* the possibility of a remand to the administrator, 422 F.3d at 629-30, while in *Sanford* we affirmed a district court order requiring a remand, 262 F.3d at 599.

A procedural violation of the type we find in this case warrants remand to the administrator to make a proper determination. *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006); *Sanford*, 262 F.3d at 599; *Marks*, 342 F.3d at 461; *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 436 (6th Cir. 2006). In the alternative, a remand to the district court to supplement the record may be warranted. *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 616-17 (6th Cir. 1992); *Univ. Hosps. of Cleveland v. S. Lorain Merchs. Ass'n Health & Welfare Benefit Plan & Trust*, 441 F.3d 430, 434 (6th Cir. 2006). Moreover, the fact that this case involves a termination of benefits rather than an initial denial may warrant equitable interim relief like that affirmed in *Sanford*, 262 F.3d at 599. But none of this warrants dispensing altogether with the need for a remand on the theory that Wenner is substantively entitled to benefits because of a procedural error. Wenner was denied an opportunity to have Sun Life review the initial denial of benefits, and he would receive just that with a remand to Sun Life. If, after such a review, Sun Life determined that Wenner was still disabled according to the terms of the plan (or, if Sun Life determined that Wenner was not disabled, but a reviewing court concluded that the determination was arbitrary or capricious), Wenner would be entitled to benefits. There is no need to manufacture a substantive remedy for a procedural violation when the procedural violation can be appropriately remedied by requiring the denied procedures.

I note finally as a policy matter that today's holding will unduly increase the stakes when procedural violations are alleged in the termination of ERISA-covered benefits. On the one hand, terminated beneficiaries with little chance of successful substantive appeals will be encouraged to raise procedural challenges. On the other hand, reviewing courts may be reluctant to insist on full compliance with procedural requirements when the identification of procedural flaws results in automatic substantive reinstatement.