NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0363n.06
Filed: June 24, 2008

No. 06-1921

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MICHAEL J. LUPO, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| DAIMLERCHRYSLER CORPORATION, | ) |
| | ) |
| Defendant-Appellee. | ) |

Before:      MARTIN and BATCHELDER, Circuit Judges: JORDAN, District Judge.[*]

LEON JORDAN, District Judge.  Michael J. Lupo appeals the district court's

grant of judgment for defendant in this action filed under the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.  For the reasons that follow, we **AFFIRM**

the district court.

Lupo filed his complaint in the district court by counsel, alleging that his

employer, defendant DaimlerChrysler Corporation, improperly denied his application for

long-term disability benefits and breached its fiduciary duty to him.  After defendant

submitted the administrative record, Lupo moved for summary judgment and defendant

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District
of Tennessee, sitting by designation.

moved for judgment on the administrative record. Following a brief hearing, the district court denied Lupo's motion, granted defendant's motion, and entered judgment accordingly. Lupo filed a timely notice of appeal.

On appeal, Lupo is proceeding pro se and contends: (1) that his former attorney failed to submit medical evidence; and (2) that his medical problems render him disabled. Defendant responds that the district court's judgment was proper. Upon consideration, we affirm the judgment for reasons other than those stated by the district court. *See Thomas v. Miller*, 489 F.3d 293, 297 n.5 (6th Cir. 2007); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir. 1985).

This Court reviews de novo a district court's judgment based upon the administrative record in an ERISA action for disability benefits. *See Wenner v. Sun Life Assurance Co. of Can.*, 482 F.3d 878, 881 (6th Cir. 2007). Where an ERISA plan affords an administrator discretion to determine whether benefits are due, federal courts review the administrator's determination under an arbitrary and capricious standard. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Wenner*, 482 F.3d at 881. However, where an ERISA plan affords an administrator no discretionary authority to construe plan terms, courts review an administrator's determination de novo. *Pollett v. Rinker Materials Corp.*, 477 F.3d. 376, 377 (6th Cir. 2007) (citing *Bruch*, 489 U.S. at 115). Although the district court applied the deferential arbitrary and capricious standard of review in this case, de novo review is appropriate because the ERISA plan at issue required defendant to deny Lupo's application

for disability benefits.

Review of the administrative record reveals that the permanent total disability provisions of defendant's pension plan provide:

> The medical opinions of the physician or physicians shall resolve the issue as to the individual's condition. Provided they are consistent, such opinions shall be binding upon the Employee Benefits Committee which, following receipt thereof, shall render its findings in accordance with such opinions. If the physicians shall disagree over the issue of whether the Employee is Permanently and Totally Disabled or as to the duration of such condition, the matter shall be submitted to an independent medical examiner. Such independent medical examiner shall render his opinion which shall be binding upon the Employee Benefits Committee. Following its receipt thereof, the Employee Benefits Committee shall render its findings in accordance with such opinion.

Although Lupo's physician opined that Lupo is permanently and totally disabled due to significant medical problems which have rendered him disabled for purposes of social security, defendant's physician did not agree. Pursuant to the terms of defendant's pension plan, Lupo was examined by an independent physician. While the independent physician noted that Lupo "is likely suffering from a severe persistent mental illness, which does render him incapacitated and unable to work" and which "prevent[s] him from taking medications and seeking treatment," the physician recommended that Lupo "not be permanently and totally disabled as he has not sufficiently attempted to get full treatment necessary to determine that." Although the independent physician's opinion might be disputed or challenged, the opinion nonetheless is binding on the administrator under the terms of defendant's pension plan.

Lupo's contention on appeal that counsel failed to submit medical evidence is of no moment because judicial review is confined to the administrative record that was before the administrator. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998); *Perry v. Simplicity Eng'g,* 900 F.2d 963, 966 (6th Cir. 1990). Under these circumstances, defendant properly denied Lupo's application for long-term disability benefits.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.