COOK, Circuit Judge.
Six former Arkema, Inc. employees (Plaintiffs) sued Arkema, complaining that it denied them separation pay in violation of the Employee Retirement Income Security Act (ERISA). The district court granted summary judgment in favor of Arkema, finding that their union’s release of its members’ ERISA claims barred Plaintiffs’ suit. We affirm.
I.
Appellee Arkema operated a chemical plant in Riverview, Michigan. Plaintiffs were unionized employees represented by United Steelworkers, Local 2-591 (“Union”). In 2006, Arkema offered a severance package to eligible workers, with the aim of eliminating 46 bargaining-unit positions (“Separation Agreement”). The Separation Agreement did not specify how long the severance-package offer would remain open, but stated that the reductions would be completed by the end of 2006. Later emails set deadlines — including a final deadline of May 26, 2006 — for employees to agree to separate from their employment in exchange for the severance benefits. Due to a dispute over the calculation of pension benefits, Plaintiffs did not agree to separate from their employment prior to the deadline.
The offered Separation Agreement provided that employees 53 and over were “permitted to accrue two additional years of age, but not service in the Arkema Inc. Retirement Plan.” R. 18, ex. 2 at ¶ (7). Arkema initially took the position that the additional years did not accrue immediately, and the Union filed a grievance.[1] Plaintiffs declined to accept the severance package while this accrual issue remained unresolved, believing that accepting the severance package would release their accrual-based claims. R. 25 exs. 2-8. On April 19, 2007, an arbitrator resolved the grievance in favor of the Union. Arkema sold the Riverview plant on May 1, 2007. Within a few weeks of the sale, the Union agreed to release Arkema from claims arising out of the Collective Bargaining Agreement in exchange for settling various pending grievances and arbitrations (“Release”). R. 24 ex. 4. The Release specifically waived claims relating to violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., stating, in relevant part:
the Union discharges and releases [Arkema] of and from all claims, [and] causes of action ... arising ... up until the date of this Agreement ... that the Union might have, or could have, against the Company, including by way of exam- *193 pie, all Claims in any way arising from or relating to: the sale of the Riverview Plant; ... violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., or regulations promulgated pursuant thereto, (except this ERISA waiver does not apply to prospective claims, only to claims that could have been brought up to the date of the agreement).
Id. at ¶ 5. It was at this point — after the sale of the plant and the Union’s release of claims against Arkema — that Plaintiffs sought to accept the severance package outlined in the Separation Agreement. Arkema refused to provide them with severance pay.
On July 21, 2008, plaintiffs filed suit, alleging breach of fiduciary duty under ERISA as well as several state-law claims. Arkema moved to dismiss, contending that the Separation Agreement was not an ERISA plan. The district court decided that the Separation Agreement was an ERISA plan and denied Arkema’s motion to dismiss. It then dismissed the state-law claims as preempted by ERISA. Following dismissal of the state-law claims, Plaintiffs amended their complaint, reasserting the breach of fiduciary duty claim and adding a claim for denial of benefits under ERISA. Plaintiffs maintain that Arkema breached its duty “when it misrepresented to the [plaintiffs] ... or concealed the fact that they had to resign before December 31, 2006 to be eligible for severance pay and that they were not eligible for two additional years for the pension plan.” R. 4, Amended Complaint at 4, ¶ 19. They also claim entitlement to severance pay following the sale of the plant. Id. at ¶¶ 21-30.
Arkema moved for summary judgment, contending, in part, that the Release prevented plaintiffs from bringing a claim under ERISA. R. 23 at 3-4. Plaintiffs responded that the Release only barred the Union’s claims, not the claims of individual employees. R. 25 at 7-8. Neither party addressed whether the Union could release the claims in question. The district court sided with Arkema, granting it summary judgment on the grounds that the Union had released Plaintiffs’ claims. Plaintiffs timely appealed.
II.
We review a district court’s grant of summary judgment de novo, affirming if the facts, taken in a light most favorable to the Plaintiffs, demonstrate that “no genuine issue of material fact exists and [Arke-ma] is entitled to judgment as a matter of law.” Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 377 (6th Cir.2008).
Plaintiffs first argue that a union contract may not waive ERISA claims as a matter of law, thereby rendering the Release ineffective. But, as the district court explicitly noted, Plaintiffs failed to raise this waiver argument below, Dotson v. Arkema Inc., No. 08-CV-13118, 2009 WL 499149, at *4 n. 5. (E.D.Mich. Feb.26, 2009) (“neither party argues that ERISA claims are not, as a general matter, subject to waiver by a union on behalf of its members”), and we deem it forfeited, Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 194 (6th Cir.1992) (we “will not address issues on appeal that were not raised and ruled upon below” in the absence of exceptional circumstances).
Plaintiffs argue alternatively that the contract does not clearly state whether the Release binds only the Union or both the Union and its members, making summary judgment improper. When interpreting ERISA plans, we apply federal common law rules of contract interpretation and give effect to the unambiguous terms of the plan. Univ. Hosps. of Cleve *194 land v. S. Lorain Merck. Ass’n, Health & Welfare Benefit Plan & Trust, 441 F.3d 430, 437 (6th Cir.2006). “Federal law controls the validity of a release of a federal cause of action.” Street v. J.C. Bradford & Co., 886 F.2d 1472, 1481 (6th Cir.1989). Contrary to Plaintiffs’ argument, the Release clearly and unambiguously binds individual bargaining unit employees, as well as the Union. The Release defines the parties to the agreement as Arkema and the Union, “on behalf of the employees of [Arkema] hereinafter specified,” and provides that the phrase “employees of [Arke-ma] hereinafter specified” includes “employees of the plant” and the “bargaining unit and the affected employees.” In light of this language, we agree with the district court that the term “union,” as used throughout the contract, encompasses individual bargaining unit employees (i.e., Plaintiffs). Indeed, to construe the Release as Plaintiffs suggest would render the phrase “on behalf of the employees” superfluous. Moreover, as noted by the district court, paragraph six excludes certain types of individual bargaining unit employees’ suits from the Release, further evincing that the parties contemplated suits brought by individual bargaining unit employees and undercutting Plaintiffs’ suggested interpretation.
Finally, Plaintiffs allege that the Release fails to comply with the federal requirement that a waiver of statutorily protected rights be “clear and unmistakable.” Metro. Edison Co. v. NLRB, 460 U.S. 693, 708, 103 S.Ct. 1467, 75 L.Ed.2d 387 (1983). Again, we disagree. The Release specifically releases “all Claims in any way arising from, or relating to: the sale of the Riverview Plant; alleged violations of the collective bargaining agreement ... [and] violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001.”
III.
For these reasons, we affirm.

. Plaintiffs participated in the grievance process.