MEAD, J.,
with whom GORMAN, J., joins, dissenting.
[¶25] I respectfully dissent from the Court’s conclusion that the daughter’s identification of Ireland as the person who inappropriately touched her falls within the hearsay exception created by Rule 803(4) of the Maine Rules of Evidence. While I do not disagree with the Court’s recitation of the broad principles that govern the application of Rule 808(4), I conclude that the evidentiary record does not provide a sufficient foundation for the admission of these statements.
[¶ 26] Rule 803(4) provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
[[Image here]]
(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
The rule establishes two separate and distinct points of inquiry: (1) did the declarant make the statements with the subjective purpose of obtaining a medical diagnosis or treatment? and (2) was the information pertinent to diagnosis or treatment? The Court focuses only on the second inquiry. I would hold, however, that both questions must be answered in the affirmative, based upon evidence in the record, before such statements are admissible as exceptions to the hearsay rule.
[¶ 27] Here, the second of the two inquiries required the court to determine whether the identity of the child’s abuser was pertinent to diagnosis or treatment. The record compellingly establishes that it was) Any treatment plan for a victim of child sexual abuse will certainly include a strategy for protecting the child from further abuse by that person. Expert testimony in the record establishes the element of pertinence to diagnosis or treatment without doubt. See State v. Sickles, 655 A.2d 1254, 1257 (Me.1995) (“Pertinence, within the contemplation of Rule 803(4), is an objective consideration beyond the declarant’s state of mind.” (quoting Cassidy v. State, 74 Md.App. 1, 536 A.2d 666, 686 (Md.Ct.Spec.App.1988))).
[¶ 28] The first of the two inquiries— whether the statements were made for the purposes of medical diagnosis or treatment — necessarily calls into issue the subjective state of mind of the declarant. This critical subjective element is the rai-son d’etre of the Rule 803(4) exception. As the Advisor’s Notes indicate: “The justification [for the exception] is the patient’s strong motivation to be truthful.” M.R. Evid. 803(4) Adviser’s Note; see also Meaney v. United States, 112 F.2d 538, 539-40 (2d Cir.1940) (Hand, J.) (“A man goes to his physician expected to recount all that he feels, and often he has with some care searched his consciousness to be sure that he will leave out nothing .... because his treatment will in part depend upon what he says.”). Some courts do not engage in such an inquiry and limit the focus of their analysis only on whether the treating physician deems a statement pertinent to treatment. See, e.g., Stallnacker v. State, 19 Ark. App. 9, 715 S.W.2d 883, 884 (1986). Others, however, conclude that Rule 803(4) requires consideration of the unique circumstances of each case relating to the patient’s motivation. See, e.g., Cassidy v. State, 74 Md.App. 1, 536 A.2d 666, 678 (Md.Ct.Spec.App.1988) (“[N]o one would willingly risk medical injury from improper treatment by withholding necessary *892 data or furnishing false data to the physician who would determine the course of treatment on the basis of that data.”); United States v. Peneaux, 482 F.3d 882, 894 (8th Cir.2005) (“The motive requirement means that the victim must have had a selfish subjective motive of receiving proper medical treatment or the state of mind of someone seeking medical treatment.” (quotation marks omitted)).
[¶ 29] Common sense, and the principles underlying the Rule 803(4) exception, require the approach articulated in Cassidy and Peneaux. If a person seeks medical treatment for a particular condition, it is likely that he will be truthful with the caregiver when describing the nature or source of his complaints. Meaney, 112 F.2d at 539-40. As with other hearsay exceptions, the circumstances of such statements create an independent basis for truthfulness. We have not previously directly addressed the Rule 803(4) element of the declarant’s subjective purpose in making statements to medical providers. Our existing jurisprudence focuses upon the pertinence element; the declarant’s subjective purpose for the statements in those cases is obvious from the context of those statements. Today, the Court clarifies that both the purpose element and the pertinence element must be established by the proponent of the statement, and determines that Walton has successfully done so.
[¶ 30] In discerning whether the de-clarant, when making specific statements to a health care provider, made those statements with the specific purpose of obtaining a diagnosis or treatment, it is necessary for the court to consider the circumstances of the statements and the declarant’s subjective state of mind. In the typical instance of an adult who sincerely seeks medical attention for a particular condition, the analysis is ordinarily quite straightforward. The declarant’s purpose is obvious from the context of the medical consultation. In those matters, the 803(4) analysis quickly turns to the pertinence element.
[¶ 31] When a child is communicating with a health care provider, however, the “purpose” question becomes more complex and nuanced. Children do not generally seek medical care. Although a child may report a condition or symptom to a parent or others, it is usually an adult who seeks the care on the child’s behalf. The fact that an adult brings a child to a provider for the purpose of diagnosis or treatment does not create greater likelihood that the child’s statements to the medical care provider will be truthful.[4] A child may not understand the importance of giving an accurate history to the medical care provider. Unless the evidentiary record establishes that the child had an understanding of the connection between truthful reporting and meaningful diagnosis and treatment and gave the information with the subjective purpose of giving such truthful information, the critical foundation for Rule 803(4) is lacking.
[¶ 32] Walton took her daughter to the Life by Designs facility for “play therapy” with Cindy Barker, who holds a certification as a Licensed Master Social Worker, Clinical Conditional.[5] Walton cites as a reason for this action that, “She [the daughter] was saying that I don’t love her anymore. She was upset. She wasn’t the *893 same little girl.” Walton further testified that the professionals at the Spurwink Center recommended that she continue to have her daughter attend the play therapy sessions with Cindy Barker.
[¶ 33] The record is devoid of any basis for a court to conclude that any of the daughter’s statements to Ms. Barker resulted from any subjective purpose on the daughter’s part to obtain diagnosis or treatment. Stated otherwise, the court had utterly no way of knowing what, if anything, the daughter thought the play therapy sessions were intended to accomplish or why it would be important to tell the truth. The only testimony in the record that remotely addresses the daughter’s perceptions of the sessions is the testimony of Ms. Barker that, “I just — I introduced myself to her. Just kind of explained in an age-appropriate way my role, what I do. I work with kids. I talk to kids.” This testimony provides no insight into the daughter’s perceptions, particularly when the testimony does not relate what was actually said.
[¶ 34] The fact that a parent may have a purpose in taking a child to a treatment facility does not translate into a subjective intent of the child — the declarant — to make statements for the purposes of diagnosis or treatment. The law provides no basis for a parent’s purpose to be imputed to the child. Accordingly, I would conclude that the admission of the out-of-court statements by the child to Ms. Barker was erroneous.[6] The trial court simply cannot conclude that a declarant had a particular subjective intent in making statements for purposes of medical diagnosis and treatment when the record contains absolutely no evidence, and allows no reasonable inference, of such.
[¶ 35] I do not suggest that a child’s statements to a medical care provider require greater indicia of reliability than those that would be required of an adult’s out-of-court statements. Rather, the proof regarding the circumstances of the statements — by an adult or a child — simply must be sufficient to establish a basis for a court to conclude that the declarant made them with the purpose of obtaining meaningful diagnosis or treatment.[7] In the complete absence of such evidence, the foundation for Rule 803(4) is lacking, and the statements do not qualify as exceptions to the hearsay rule. Accordingly, I would vacate and remand for the court to determine whether the plaintiff met her burden of proof in the absence of these statements.
Q: Why were you seeing [the counselor]?
A: Because I was [sad/mad/scared].
Q: Did you think talking to her about why you were [sad/mad/scared] would help?
A: Yes.

. Arguably, the opposite may occur. A child, who may fear the doctor or medical setting, may be more likely to deny, minimize, or misstate circumstances to discourage further medical attention.

. I note, but do not address, the issue of whether a play therapist makes a "medical diagnosis” or provides "medical treatment” as those terms are used in the rule.

. Although the Rule 803(4) element of purpose was not emphasized by the parties at the trial level, it must be addressed expressly or impliedly by a trial court before admitting a hearsay statement as a statement made for purposes of medical diagnosis or treatment. The trial court here did address the. issue of purpose in its decision, but conflated it with the element of pertinence.

. A colloquy, such as the- following, would likely be sufficient: